This is an appeal from a final judgment in a nonjury case favorable to Defendants/Appellees Dr. Johnnye Ruth Walton and Dr. D.A. Marsh, arising out of a cause initiated by Plaintiff/Appellant Eara Washington, alleging medical malpractice and breach of contract.
We affirm.
 PROCEDURAL BACKGROUND
Eara Washington commenced this action on April 30, 1981, by a three-count complaint, alleging negligence by Dr. Johnnye Ruth Walton and Dr. D.A. Marsh, in their diagnosis and treatment of her arm, which had been injured by broken glass. The original complaint failed to demand a trial by jury. On June 12, 1981, an amendment to the complaint added Ms. Washington's husband, Robert, as a party plaintiff, and added two counts seeking compensatory, general, and special damages for medical expenses and alleged loss of consortium. On August 13, 1981, Plaintiffs amended their complaint for a second time, alleging (against Dr. Marsh only) breach of contract. Again, trial by jury was not demanded. On August 25, 1981, the complaint was amended a third time, the substance of that amendment seeking, for the first time, trial by struck jury as to all issues theretofore alleged. On August 27, 1981, Defendants filed a motion to strike Plaintiffs' demand for trial by jury. The trial court, on September 23, 1981, granted this motion. On October 16, 1981, the complaint was amended for the fifth time,[1] demanding "a trial by struck jury as plaintiffs [have] amended their complaint to allege breach of contract." Thereafter, the trial court denied Plaintiffs' jury demand, stating:
 "The Court having been presented with a motion for jury trial in this case filed by the Plaintiff, and the Plaintiff asserts that the amended complaint alleges breach of contract and, therefore, she is entitled to a trial by jury as to the issues contained in the amended complaint. The Court finds that the Plaintiff did not obtain leave of Court to amend the complaint after an answer had been filed, and the Court further finds that the Plaintiff has raised no new issues in the amended complaint. The amended complaint that alleges breach of contract is a mere statement of a malpractice claim that was previously filed in this case. No new issue has been raised in this amendment.
 "It is, therefore, ORDERED by the Court that the Motion for Jury Trial is denied since the Plaintiffs waived the trial by jury by failing to demand a trial by jury within thirty (30) days after the defendants filed an answer to the complaint."
The trial court granted Dr. Walton's motion for partial summary judgment as to all allegations of malpractice relative to her treatment of Ms. Washington during 1964-65. From an adverse final judgment for the Defendants and the denial of a post-judgment motion for a new trial, the Washingtons appeal.
 FACTUAL SUMMARY
In 1964, Ms. Eara Washington was injured at her home in Livingston, Alabama, when broken particles of glass from a door slammed shut by the wind became embedded in her arm. Ms. Washington sought and received immediate medical attention *Page 178 
from Dr. Johnnye Ruth Walton, a local physician. Dr. Walton cleansed the area, injected a local anesthetic, then probed and sutured the wound. Several days later, Dr. Walton removed the sutures. At this point, the wound evidenced no signs of infection.
According to Ms. Washington, she continued to experience pain in her arm until she visited Dr. D.A. Marsh in York, Alabama, in 1979. Dr. Marsh excised a keloid scar formation at the location of the previous injury, probed the area and removed a piece of glass situated beneath the skin. He next sutured the wound and instructed Ms. Washington to return in several days to have the stitching removed. When she returned, there was no sign that the area was infected.
In May of 1980, Ms. Washington returned to Dr. Walton for treatment of pains in her neck, shoulder, and arm, as well as hypertension. In January of 1981, Ms. Washington informed Dr. Walton of the glass initially present in her arm in 1964, part of which had been removed by Dr. Marsh in 1979. Thereafter, Dr. Walton referred her to Dr. J.C. Matthews in Mississippi. Dr. Matthews, through the use of high-powered X-ray techniques, discovered glass still present in her arm. He removed that glass through surgery.
 DENIAL OF PLAINTIFFS' JURY DEMAND
ARCP 38 (b) provides in part:
 "(b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 30 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party, and such demand shall be deemed to be a demand for a struck jury."
Plaintiffs' contention that they were improperly denied right to trial by jury is premised upon the following chronology:
 April 30, 1981 Original complaint filed without jury demand.
May 19, 1981 Defendants answer original complaint.
 June 12, 1981 First amended complaint filed without jury demand.
 August 5, 1981 Defendants answer first amended complaint.
 August 13, 1981 Second amended complaint filed without jury demand.
 August 25, 1981 Third amended complaint filed with demand for jury trial.
 August 27, 1981 Defendants move to strike plaintiffs' jury demand.
 September 17, 1981 Defendant Marsh answers second amended complaint.
 September 28, 1981 Defendants' motion to strike jury demand granted.
 October 16, 1981 Plaintiffs move for jury trial as to issues raised in second amended complaint, as well as pursuant to ARCP 39 (b).
 November 17, 1981 Trial court denies plaintiffs' October 13 motion for jury trial.
Pursuant to ARCP 38 (b), the Washingtons submit:
 "[T]hat appellants first demand for a jury trial was made on August 25, 1981. This was twenty (20) days after appellees (defendants below) had answered the amended complaint, and thirteen (13)[12] days after appellants (plaintiffs below) had filed another amendment to their complaint. At the time the jury demand was made, the last pleading before the court was either the amended answer filed by appellees twenty (20) days before the demand, or the amended complaint alleging breach of contract filed thirteen (13)[12] days before the demand."
Appellants cite Baggett v. Sims, 387 So.2d 792, 794 (Ala. 1980), for the following proposition:
 "[If] the demand for a jury trial has timely been made after the reply to a compulsory counterclaim, the demand is good as to all issues addressed in the original complaint and in the compulsory counterclaim, except for those issues expressly excepted in the demand. 5 Moore's Federal Practice ¶ 38.39[2], at *Page 179 
314-318; (2nd ed. 1948). Rule 38 (c), ARCP."
See, also, Dorcal, Inc. v. Xerox Corporation, 398 So.2d 665
(Ala. 1981).
Defendants point out in response that Baggett deals with a situation where there has been a reply to a compulsory counterclaim. In the absence of a compulsory counterclaim, and a reply thereto, we agree that Baggett's interpretation of Rule 38 has no application.
Between the time of the filing of the original complaint, and the date on which the first jury demand (third amended complaint) was made, the Washingtons filed two amended complaints, the first against Drs. Walton and Marsh and the second against Dr. Marsh only. The first amended complaint added count four against Dr. Walton and count five against Dr. Marsh. The two counts were essentially the same, alleging negligent exploration of Plaintiff's arm for the presence of embedded glass and a failure to use antibiotics and a drain upon the completion of surgery. The original complaint had alleged that Drs. Walton and Marsh had failed to explore Plaintiff's arm for the presence of glass, failed to X-ray or perform any diagnostic tests for glass, and had failed to make a timely referral of Ms. Washington to another physician or specialist equipped to diagnose her problem.
Both the original complaint and the first amended complaint alleged that Drs. Walton and Marsh failed to meet the required standard of care of a physician in their general neighborhood, and that they were negligent in their treatment of Ms. Washington. The answers of Drs. Walton and Marsh to the first amended complaint realleged, affirmed, and adopted their answers to the original complaint.
In 2 C. Lyons, Alabama Practice — Rules of Civil ProcedureAnnotated, Author's Comments § 38.5 (1973), it is said:
 "An amended or supplemental pleading sets in motion the thirty-day time period for demanding a jury trial for new issues raised in that pleading. However, the service of an amendment does not breathe new life into a previously waived right to jury trial if the amendment deals with the same issues framed in the original pleadings as to which a waiver has occurred.
See Western Geophysical Co. of America v. Bolt Associates, Inc., 440 F.2d 765 (2d Cir. 1971) and 9 Wright Miller, Federal Practice and Procedure, § 2320, p. 95, n. 38 (1971)." (Emphasis added.)
Simply stated, having once waived the right to trial by jury, one cannot, under the guise of amending a pleading, revive such a right by restating, albeit in different language, the same issues raised in the initial pleadings. Hamon Leasing, Inc. v.Continental Cars, Inc., 358 So.2d 442 (Ala. 1978). Failing to raise "new issues" in their first amended complaint, the Washingtons did not breathe life into the previously waived right to trial by jury.
Ms. Washington's second amended complaint sought to charge Dr. Marsh with breach of contract by "his failure to examine and treat Plaintiff in a reasonable and proper manner in that he failed to locate the glass in Plaintiff's arm and remove the same, thereby causing Plaintiff injuries, expenses and damages." In Paul v. Escambia County Hospital Board, 283 Ala. 488, at 492, 218 So.2d 817 (Ala. 1969), quoting Tennessee Coal,Iron and Railroad Co. v. Sizemore, 258 Ala. 344, 62 So.2d 459
(1952), it is stated:
 "`* * * the breach of a contract in not performing
the obligation there expressed, or not doing it in the way specified, is not in tort. * * * If defendant omits to enter upon the duty to perform, however negligent that might be, that is not a negligent performance and not a tort. But if he does undertake to perform, his performance may be negligent, giving rise to a tort.'" (Emphasis added in Paul.)
This Court also stated:
 "`It will be observed that a negligent failure to perform a contract, express or implied * * * is but a breach of contract. But if in performing it, it is alleged that the defendant negligently caused personal injury or property damage to plaintiff, *Page 180 
the remedy is in tort, for it is not the breach of a contract express or implied, but the breach of an implied duty to exercise due care not to injure plaintiff or her property which is the gravamen of the action.'" Paul, supra, quoting Vines v. Crescent Transit Co., 264 Ala. 114, 85 So.2d 436 (1955).
In the second amended complaint, Plaintiffs essentially reallege that Dr. Marsh had failed to meet the required standard of care in his care and treatment of Ms. Washington, and was, therefore, negligent, thus breaching a duty owed her as a result of the parties' "contractual" relationship. Appellees submit, and we agree, that despite its "contractual" characterization, Plaintiffs' second amended complaint, in effect, simply restated in contract terms a breach of duty imposed by law, i.e., it simply restated the negligence claim. See Bonds v. Brown, 368 So.2d 536 (Ala. 1979). As such, it did not raise new issues to which a proper demand for jury trial could be directed.
 STATUTE OF LIMITATIONS
On September 22, 1981, Dr. Johnnye Ruth Walton filed a motion for partial summary judgment as to all allegations of malpractice relative to her treatment of Ms. Washington in 1964-65. The motion was founded, among other things, upon the statute of limitations for medical malpractice actions, Ala. Code § 6-5-482 (1975), which reads as follows:
 "§ 6-5-482. Limitation on time for commencement of action.
 "(a) All actions against physicians, surgeons, dentists, medical institutions or other health care providers for liability, error, mistake or failure to cure, whether based on contract or tort, must be commenced within two years next after the act or omission or failure giving rise to the claim, and not afterwards; provided, that if the cause of action is not discovered and could not reasonably have been discovered within such period, then the action may be commenced within six months from the date of such discovery or the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; provided further, that in no event may the action be commenced more than four years after such act; except, that an error, mistake, act, omission or failure to cure giving rise to a claim which occurred before September 23, 1975, shall not in any event be barred until the expiration of one year from such date.
 "(b) Subsection (a) of this section shall be subject to all existing provisions of law relating to the computation of statutory periods of limitation for the commencement of actions, namely, sections 6-2-1, 6-2-2, 6-2-3, 6-2-5, 6-2-6, 6-2-8, 6-2-9, 6-2-10, 6-2-13, 6-2-15, 6-2-16, 6-2-17, 6-2-30 and 6-2-39; provided, that notwithstanding any provisions of such sections, no action shall be commenced more than four years after the act, omission or failure complained of; except, that in the case of a minor under four years of age, such minor shall have until his eighth birthday to commence such action. (Acts 1975, No. 513, § 4.)"
On November 12, 1981, the trial judge granted the motion for partial summary judgment on the basis that "there is no dispute as to any question of fact concerning the treatment of the Plaintiff by Dr. Johnnye Ruth Walton and that all of such treatment was performed more than four years before the filing of the complaint and more than six months after the discovery of the alleged injury. The Court finds this action is barred by the Statute of Limitations."
Plaintiff's original complaint, a portion of which was directed against Dr. Walton, was filed on April 30, 1981. Therein, Plaintiff alleged, inter alia, 1) that she visited Dr. Johnnye Ruth Walton in 1965 for a puncture wound which Dr. Walton treated; 2) that glass was discovered in her arm by another physician in November of 1979; 3) that Dr. Walton failed to explore her arm for the presence of embedded glass prior to closing the wound in 1965; 4) that even though she was first treated by Dr. Walton *Page 181 
in 1965, she was unaware and could not have known of facts giving rise to Dr. Walton's alleged negligence until the injury became apparent in the form of a nodule on her arm in November of 1979. Stated another way, Plaintiff contends that the injury, which occasioned her claim for malpractice against Dr. Walton, first occurred in November of 1979 with the appearance of the nodule at the site of her original wound. Consequently, according to Plaintiff, by filing her complaint against Dr. Walton in April of 1981, she fell within the allowable two-year period prescribed by Code 1975, § 6-5-482. We disagree.
Assuming, arguendo, the existence of an injury from which malpractice here might be inferred against Dr. Walton, it occurred in 1965 when Ms. Washington was initially injured and first visited Dr. Walton. From this point on, according to her own testimony, Ms. Washington continued to experience pain in her arm until November of 1979, when she visited Dr. Marsh and had some of the glass removed. Plaintiff first initiated a complaint against Dr. Walton in April of 1981. Assuming, once again, that Plaintiff first discovered her injury, or facts that would lead to its discovery, in November of 1979 when she visited Dr. Marsh, she does not come within the time limitations prescribed by § 6-5-482: 1) two years from the date of injury; 2) six months from the date of discovery of the injuries or of facts leading to such discovery; or 3) in no event more than four years from the date of injury. Thus, the trial judge did not err in granting Dr. Walton's motion for partial summary judgment.
The final issue raised on appeal is whether the trial court erred in denying Appellant's motion for a continuance. In these matters, the trial court will be reversed only for palpable and gross abuse of discretion. Mitchell v. Moore, 406 So.2d 347
(Ala. 1981). No such abuse is demonstrated here.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.
[1] The fourth amendment sought to substitute June 1964 as the date of Plaintiff's initial treatment by Dr. Walton.