This is a petition for writ of mandamus.
The underlying lawsuit involves a house located in Homewood, Alabama, which was purchased by John M. Reynolds from Frances and Herbert Birnbaum and Alice and Robert Bolick (respondents). That property was sold at a foreclosure sale after Reynolds defaulted in payment to respondents. *Page 702 
Reynolds filed suit contending he was not provided with notice of the sale as is required by § 6-8-66, Code 1975. He requested that the mortgage foreclosure be declared invalid or void, or, in the alternative, that he be allowed to redeem the property.
At a hearing on motions for summary judgment in that action, respondents submitted an affidavit stating facts from which Reynolds concluded fraud had been perpetrated upon him by respondents, in collusion with their attorney, during the process of foreclosure. Two days after receipt of that affidavit, Reynolds amended his complaint, which had theretofore requested only equitable relief, to allege fraud and deceit. He also filed a demand for trial by jury of those legal claims.
Respondents submitted a motion to strike the amended complaint and the jury demand. The trial court granted this motion but noted Reynolds would not be prejudiced from bringing the legal claim on the "law side" of the court. Reynolds petitioned this court to issue the writ of mandamus to the Honorable William C. Barber to compel him to set aside that order.
We conditionally granted mandamus, because it appeared, from the trial court's order, and from the record, that the trial court had in fact severed Reynolds's legal claims from his equitable claims, contrary to the spirit of Rule 2, A.R.C.P., which states: "There shall be one form of action to be known as a `civil action.'" See Ex parte Reynolds, 436 So.2d 873 (Ala. 1983).
Pursuant to our order, the trial court withdrew its prior order striking Reynolds's amendment and held a hearing to determine whether the amended complaint was the last pleading within the contemplation of Rule 38 (b). In Washington v.Walton, 423 So.2d 176 (Ala. 1982), we noted the rule for the determination whether an amended or supplemental pleading sets in motion the thirty-day time period for demanding a jury trial, quoting from 2 C. Lyons, Alabama Practice — Rules ofCivil Procedure Annotated, Author's Comments § 38.5:
 "`An amended or supplemental pleading sets in motion the thirty-day time period for demanding a jury trial for new issues raised in that pleading. However, the service of an amendment does not breathe new life into a previously waived right to jury trial if the amendment deals with the same issues framed in the original pleadings as to which a waiver has occurred. See Western Geophysical Co. of America v. Bolt Associates, Inc., 440 F.2d 765 (2d Cir. 1971) and 9 Wright Miller, Federal Practice and Procedure, § 2320, p. 95, n. 38 (1971).' (Emphasis added.)"
423 So.2d at 179.
The trial court's order after its Rule 38 (b) hearing provided, in pertinent part, as follows:
 "TWO: The Court heard statements and arguments of counsel on this date relative to whether or not the jury demand as filed by Plaintiff was timely filed and the Court finds that the filing by Plaintiff of his jury demand on October 4, 1982 was beyond the 30 day period from the filing of the last pleading directed to the issues in this case. . . ."
Upon receipt of that decision, Reynolds requested that this court issue another writ of mandamus to the trial court, requiring it to rule that his amended complaint was the last pleading directed to the issues in the case, to allow him a jury trial, and to transfer his action to the "law side" of the circuit court.
This court ordered that respondents file an answer to Reynolds's petition. In answer, respondents stated:
 "2. Respondent Judge William C. Barber has further conducted a hearing on September 12, 1983, at which time he heard arguments from counsel for both sides, after which he made a determination that the Petitioner's Amended Complaint of October 4, 1982 was not a last pleading within the context of Rule 38, Alabama Rules of Civil Procedure, and further determined that the jury demand was not timely filed within thirty (30) *Page 703 
days of the last pleading speaking to the issue in the cause."
Respondents' answer did not inform this court of the trial court's rationale in determining that Reynolds's amended complaint was not the last pleading directed to the issues. We then directed that a brief be filed in opposition to Reynolds's petition for the writ of mandamus. In their brief, respondents contend that the basis for the trial court's determination was that Reynolds had failed to state a claim for fraud with the specificity required by Rule 9 (b), A.R.C.P.
We must note that there is no indication from the record that the parties were given notice, prior to the hearing, or at the hearing, of the trial court's consideration whether the pleading was sufficient, or, that it in fact had disposed of that issue through a Rule 38 (b) determination that the amended complaint was not the last pleading directed to the issues.
However, in order that this case may be economically disposed of on remand, we have reviewed the pleadings and have determined there was a sufficient statement of fraud in Reynolds's amended complaint and attached exhibits.
Respondents allege that, because there was no allegation by Reynolds in the amended complaint of the manner in which he relied on statements by those involved in the alleged fraudulent conspiracy, the pleading was insufficient. Petitioner contends, and we agree, that Exhibit C, attached to the pleading, and made a part of it, sets forth the manner of reliance in full.
Under Alabama law, an exhibit attached to a pleading is not only a part of it, but, in the case of a variance between the allegations of the pleading and the exhibit attached to it, the contents of the exhibit control. McCullough v. AlabamaBy-Products Corp., 343 So.2d 508 (Ala. 1977).
Because Reynolds's amended complaint demanded a jury trial for new legal issues raised in that pleading, it was the last pleading within the contemplation of Rule 38 (b). Washington v.Walton, 423 So.2d 176 (Ala. 1982). His jury demand was served upon the other parties not later than 30 days after the service of the last pleading directed to the issues; that demand was timely filed and preserved Reynolds's right to a jury trial of the legal issues presented in the amended complaint.
Second, Reynolds makes the following request of this court:
 "WHEREFORE PREMISES CONSIDERED, the Petitioner prays that the Court will enter an order affirming his right to jury trial of legal claims and will decree that his action be tried in the Law Division because the petitioner will not have an adequate legal remedy in the Equity Division."
The second aspect of this request must be denied for two reasons. First, it is axiomatic that mandamus is inappropriate unless the petitioner can show a clear legal right and a violation of that right by the trial court. Those circumstances are not present here.
Second, we must again note, that there is but one form of action — the "civil action." Rule 2, A.R.C.P. It is not a valid objection by Reynolds that he will not have an adequate legal remedy in the "equity division" of the circuit court.
Reynolds's right to a jury trial of legal issues is expressly reserved by Rule 38 (a), and that right has been affirmed by this court in this opinion. It is for the trial court to determine the equitable issues, and for the jury to determine any remaining legal issues. Poston v. Gaddis, 335 So.2d 165
(Ala.Civ.App.), cert. denied, 335 So.2d 169 (Ala. 1976), laterappeal, 372 So.2d 1099 (Ala. 1979). Should there be any doubt about whether a particular issue is of a sort triable to a jury, the question should be resolved in favor of a jury trial.Collins v. Bankers Life Casualty Co., 394 So.2d 952 (Ala. 1981).
Therefore, we mandate that the Honorable William C. Barber set aside his order of 12 September 1983, wherein he determined that Reynolds's amended complaint was not a last pleading within the context of *Page 704 
Rule 38, A.R.C.P., and enter an order consistent with this opinion.
WRIT GRANTED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur.