The plaintiffs petitioned this Court for a writ of mandamus ordering the trial judge to grant the plaintiffs a jury trial as to counts requesting damages for breach of contract and conversion, both common law actions.
On April 24, 1973, E.L. Davis, Sr. died. On June 6, 1973, all the children of E.L. Davis, Sr., executed a deed to their mother, Sallie C. Davis, of all real estate owned by E.L. Davis, Sr. The children (including plaintiffs) also executed a waiver and disclaimer giving up any rights they may have had in the estate of E.L. Davis, Sr., deceased.
The plaintiffs allege that Sallie C. Davis had represented that the transfer would decrease estate taxes and that she would retransfer the estate to the children when the estate taxes were paid.
On June 7, 1973, the will of E.L. Davis, Sr., was admitted to probate. The plaintiffs claim that the will, in effect, placed everything in trust for Sallie C. Davis and the children with Sallie C. Davis as trustee and that the conveyance on June 6, 1973, created a constructive trust which was in substance the same as the written trust under the will. The defendants claim that the will is ambiguous and that it is not clear whether the trust existed at all or whether the trust terminated prior to the death of E.L. Davis, Sr.
In 1977, Sallie C. Davis allegedly sold the estate property at less than fair market value to three of her sons, each of whom is a defendant with her in this case. The sons have sold timber from the real estate and have sold portions of the real estate itself and have failed to pay the plaintiffs, the remaining sons and daughters, any share of the proceeds.
The plaintiffs argue that their complaint alleges counts in assumpsit and conversion, on which they would be entitled to a trial by jury under Ala. Const. 1901, Art. 1, § 11. The judge, however, struck the plaintiffs' demand for jury trial. *Page 394 
The defendants argue that the plaintiffs' only causes of action are predicated on an alleged resulting or constructive trust and that these are historically creatures of equity. The defendants further claim that the causes of actions are prayers for accounting or settlement. For these reasons, the defendants argue that the plaintiffs are not entitled to trial by jury.
The causes of action are, indeed, predicated on the existence of a trust. There is no right to a jury trial on the issue of the existence or nonexistence of a trust. 50 C.J.S. Juries § 30 (1947); Drake v. Rueckhaus, 68 N.M. 209, 360 P.2d 395 (1961).
If the trial judge finds that an express, resulting, or constructive trust exists, then the plaintiffs are entitled to a jury trial on their counts in assumpsit and conversion, those counts being common-law counts for legal remedies. Any legal issue for which a jury trial is timely and properly demanded should be submitted to the jury. Finance, Investment andRediscount Co. v. Wells, 409 So.2d 1341 (Ala. 1982); Crommelinv. Fain, 403 So.2d 177 (Ala. 1981); Rules 38 and 39, Alabama Rules of Civil Procedure. See also, Dairy Queen v. Wood,369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); Beacon Theatres v.Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959).
The defendants cannot complain that the counts in assumpsit and conversion are actually prayers for accounting or settlement, because the beneficiary of a trust can elect whether to seek a legal or equitable remedy. See Ex parteMorton, 261 Ala. 581, 75 So.2d 500 (1954) (on rehearing); 25 Am.Jur.2d Election of Remedies § 30 (1966); 76 Am.Jur.2d Trusts
§ 253 (1974); G. Bogert, Trusts and Trustees, § 861 and § 946 (2d ed. revised 1982).
We hereby order the trial judge to grant the plaintiffs a jury trial as to the assumpsit and conversion counts.
WRIT GRANTED.
MADDOX, JONES, SHORES and BEATTY, JJ., concur.