PER CURIAM.
This petition for writ of mandamus arises from the denial of a request for a jury trial. A complaint was filed on October 10, 1988, by Hope E. Bennett and Howard H. Bennett, as co-administrators of the estate of Michael Howard Bennett, deceased, against Perry Joe Blackmon, alleging the wrongful death of Michael H. Bennett. The plaintiffs did not request a jury trial. The defendant, Perry Joe Blackmon, did not demand a jury trial when he filed his initial pleading (styled an “answer”) on *550 November 10, 1988. His request for a jury-trial was filed June 4, 1989, after a second pleading (also styled an “answer”) was filed with the trial court on May 30, 1989. He now petitions this Court for a writ of mandamus, contending that the trial court abused its discretion in denying his request for a jury trial.
We consider the question of whether Blackmon’s request for a jury trial was timely made. Rule 38(b) and (d), A.R. Civ.P., governs the demand for a trial by jury and provides as follows:
“(b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than SO days after the service of the last pleading directed to such issue_ [Emphasis added.]
[[Image here]]
“(d) Waiver. The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury....”
On the authority of Rule 38, A.R.Civ.P.; Dorcal, Inc. v. Xerox Corp., 398 So.2d 665 (Ala.1981); and Ex parte Reynolds, 447 So.2d 701 (Ala.1984), we hold that the request for a trial by jury, filed over six months after the defendant’s initial “answer,” was not timely made.
WRIT DENIED.
HORNSBY, C.J., and MADDOX, JONES, ALMON, SHORES, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.