Twintech Industries, Inc., Reasor Machine Co., and Bob Bolling (herein collectively referred to as "Twintech") have petitioned this Court for a writ of mandamus directed to the Honorable C. Lynwood Smith, Jr., of the Circuit Court of Madison County, Alabama. Twintech seeks relief from orders granting the motion of Boeing Military Airplane Company ("Boeing") to strike Twintech's jury demand and denying Twintech's request that Judge Smith recuse himself from this case.
This case arises from a contract dispute between Twintech and Boeing. Boeing's original complaint was filed on August 7, 1985, and was amended on September 16, 1985. Boeing sought a declaration of its rights under the contract between the parties and requested damages for Twintech's alleged breach of that contract. Twintech filed an answer to Boeing's complaint on October 15, 1985, raising eight affirmative defenses, including fraud. Twintech then *Page 925 
filed a counterclaim on October 23, 1985, alleging breach of contract, wrongful appropriation of property, and intentional interference with a contractual relationship. No allegations of fraud were asserted in Twintech's counterclaim, and there was no demand for a trial by jury.
On January 6, 1989, more than three years after filing its counterclaim, Twintech filed an amendment adding claims of fraudulent inducement and fraudulent suppression. Twintech demanded a jury trial for those claims.
Boeing moved to have Twintech's jury demand stricken, contending that the demand was untimely and therefore barred by A.R.Civ.P., Rule 38(b), which states that a jury demand on a particular issue must be made "not later than 30 days after the service of the last pleading directed to such issue." The trial judge granted Boeing's motion, holding that the amendment to Twintech's counterclaim concerned the same issue of fraud that was presented in Twintech's answer to Boeing's complaint, merely recasting the issue with greater specificity.
This Court has held that the filing of an amendment that raises new legal issues invokes the 30-day period set out in Rule 38(b). Ex parte Reynolds, 447 So.2d 701,703 (Ala. 1984). Therefore, upon the filing of such an amendment, a party has the right to demand a jury trial, and such a demand is timely if made within 30 days after service of the last pleading directed to those new issues. Id.
However, in Washington v. Walton, 423 So.2d 176
(Ala. 1982), this Court quoted the following comment with approval:
 " 'An amended or supplemental pleading sets in motion the thirty-day time period for demanding a jury trial for new issues raised in that pleading. However, the service of an amendment does not breathe new life into a previously waived right to jury trial if the amendment deals with the same issues framed in the original pleadings as to which a waiver has occurred.' " (Citations omitted, emphasis in Washington.)
Washington, supra, at 179 (quoting 2 C. Lyons,Alabama Practice — Rules of Civil ProcedureAnnotated, Author's Comments § 38.5 (1973)). The question presented, therefore, is whether Twintech's amendment stated new legal issues, thus allowing Twintech to demand a jury trial.
A review of the cases wherein this Court has found that an amendment or later pleading raised a "new issue" indicates that a new issue is one of an entirely different character from those already raised, or one based on a set of facts different from those that support the original claims. In Ex parteReynolds, supra, this Court held that the petitioner had raised new legal issues in his amendment and, therefore, that his right to a jury trial on those issues had not been waived. 447 So.2d at 703. In that case, Reynolds's original complaint requested only equitable relief, whereas his amendment added a claim for fraud. Reynolds, at 702-03. Similarly, inEx parte Town of Citronelle, 428 So.2d 600 (Ala. 1983), this Court held that where the earlier pleadings had contemplated only equitable relief, a cross-claim for money damages raised a "new issue." 428 So.2d at 603. In OleSouth Bldg. Supply Corp. v. Pilgrim, 425 So.2d 1086 (Ala. 1983), the plaintiff substituted a claim for fraud for his original equitable claim and thus became entitled to a jury trial. 425 So.2d at 1087. Finally, in Mobley v. Moore,350 So.2d 414 (Ala. 1977), this Court held that the trial judge had not abused his discretion in granting a request for a jury trial when the tenor of the action was changed from one seeking equitable relief to one seeking damages. 350 So.2d 416-17.
In the instant case, the record does not indicate that the fraud claims set forth in Twintech's amendment created a new issue. To the contrary, Twintech had already raised fraud as an affirmative defense in its answer, and, within 30 days of filing that answer, could have demanded a jury. Its failure to timely file a jury demand *Page 926 
when the issue was first raised operated as a waiver of the right; the right was not revived by the later amendment relating to the same issue. Therefore, the trial judge's order granting Boeing's motion to strike Twintech's jury demand was proper and will not be disturbed by this Court. HamonLeasing, Inc. v. Continental Cars, Inc., 358 So.2d 442
(Ala. 1978).
Twintech also asks this Court to order the trial judge to recuse himself from the trial of this case, or alternatively, to order that all of the issues be tried by a jury. That request arises out of Twintech's concern that at least the appearance of impropriety has been created by Boeing's filing of an offer of judgment with the trial court before it had been accepted by Twintech.[1] However, Judge Smith informs this Court that, although he did receive the offer of judgment, he did not read it and is not aware of its terms. In fact, Judge Smith ordered that his staff seal the offer of judgment in an envelope.
The presumption in Alabama is that a judge is not
prejudiced or biased. Ex parte Balogun, 516 So.2d 606,609 (Ala. 1987). Recusal is not required when there has been a mere accusation of bias that is unsupported by substantial fact. Balogun, at 609. In the instant case, there has been no showing that the mere receipt of the offer of judgment by Judge Smith has caused him to be less than impartial. Therefore, recusal is not required.
A writ of mandamus cannot be granted unless the petitioner can show a clear legal right to the relief sought. Ex parteLarge, 501 So.2d 1208, 1210 (Ala. 1986). No such showing has been made here. Accordingly, the petition for writ of mandamus is denied.
WRIT DENIED.
HORNSBY, C.J., and MADDOX and STEAGALL, JJ., concur.
ADAMS, J., concurs in the result.
[1] This Court recognizes that this problem was caused, at least in part, by the apparent conflict between A.R.Civ.P., Rule 5(d), which requires that all "papers served upon a party shall be filed with the court either before service or within a reasonable time thereafter," and Rule 68, which indicates that an offer of judgment must be served on the opposing party, but should not be filed with the court until it has been accepted. However, because Judge Smith did not read the offer, the resolution of this issue does not require this Court to reconcile that apparent conflict.