Olivia W. Holt and Catherine H. Quate petition this Court for a writ of mandamus to the Honorable D.P. Scurlock III, sitting as a special judge of the Washington County Circuit Court, directing him to vacate his orders of August 9, 1991, and October 17, 1991, in which he ruled that, as a matter of law, the petitioners were not entitled to a jury trial in an action to cancel a trust agreement and trust deed. We deny the writ.
On October 26, 1989, Leroy M. Wilson filed an action in Washington County Circuit Court against the petitioners, seeking to rescind an irrevocable trust agreement and trust deed that he had signed as settlor while he was hospitalized.[1] His grounds included mental incompetency of the settlor, undue influence exercised over the settlor, duress exercised over the settlor, and unilateral mistake by the settlor. The petitioners filed their answer on November 17, 1989. Neither the complaint nor the answer contained a demand for a jury trial.
On March 20, 1991, Holt and Quate filed an "Amended Answer," which contained a counterclaim alleging a breach of fiduciary duties and alleging that Wilson had wrongfully sold timber from the real property in the trust estate. In addition, the petitioners requested an accounting of all monies received by Wilson from such timber sales. The "Amended Answer" demanded a jury trial with respect to the issues raised in the counterclaim and the complaint.
On March 22, 1991, Wilson moved to strike the jury demand; his motion was granted by the trial court on August 9, 1991. On October 17, 1991, the trial court denied the petitioners' "motion to reconsider." On March 25, 1992, this Court stayed all proceedings in the trial court pending disposition of this petition for the writ of mandamus.
In considering whether a writ of mandamus should be issued, this Court said in Ex parte Edgar, 543 So.2d 682 (Ala. 1989):
 "We note at the outset that mandamus is a drastic and extraordinary writ to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court."
Id. at 684. Although mandamus will lie to compel a trial court to grant a trial by jury, Ex Parte Rush, 419 So.2d 1388, 1391
(Ala. 1982), the petitioner first must show that he has a clear legal right to a trial by jury and a violation of that right by the trial court. Ex Parte Reynolds, 447 So.2d 701, 703 (Ala. 1984).
The dispositive issue is whether the trial court erred in granting Wilson's motion to strike the jury demand on the grounds that as a matter of law the petitioners were not *Page 14 
entitled to a jury trial in an action to cancel a trust agreement and trust deed.
The basis of this suit is Wilson's complaint to rescind the trust agreement and trust deed. The petitioners are pursuing strictly equitable remedies against Wilson in their counterclaim. Equity has exclusive jurisdiction over remedies for breach of trusts. In the counterclaim, the petitioners have sued Wilson for breach of his fiduciary duties as trustee and for an accounting. The petitioners are not entitled to a jury trial as a matter of right with respect to these claims.First Alabama Bank of Huntsville, N.A. v. Spragins,475 So.2d 512, 514 (Ala. 1985).
In First Alabama Bank of Montgomery, N.A. v. Martin,425 So.2d 415 (Ala. 1982), cert. denied, 461 U.S. 938,103 S.Ct. 2109, 77 L.Ed.2d 313 (1983), we said:
 "It has long been the law in Alabama that where a trustee does not perform his duty to protect the trust, the beneficiaries may sue in equity to protect their rights. Supervising the administration of trusts is a well-recognized ground of equity, and the regulation and enforcement of trusts is one of the original and inherent powers of the equity court."
Id. at 423 (citations omitted). In First Alabama Bank v.Spragins, supra, we held that the beneficiaries of a trust did not have the right to a jury trial on a claim for money damages based upon a breach of fiduciary duties by the trustee, because the remedy of money damages based upon a claim for breach of trust was not cognizable at law. In Spragins, the beneficiaries of a trust sued the trustee, claiming mismanagement of the trust and breach of fiduciary duty and requesting removal of the trustee and an accounting of the trust. Id. at 513. In ruling on the trustee's motion to strike, the trial court held that the beneficiaries were not entitled to a jury trial with respect to their claims for removal of the trustee and for an accounting, but held that the beneficiaries were entitled to a jury trial with respect to their claim for damages. Id. at 514.
On appeal, we first recognized the principle that equity retains exclusive jurisdiction over the remedies available to a beneficiary against a trustee, with two limited exceptions:
 " '(1) If the trustee is under a duty to pay money immediately and unconditionally to the beneficiary, the beneficiary can maintain an action at law against the trustee to enforce payment. (2) If the trustee of a chattel is under a duty to transfer it immediately and unconditionally to the beneficiary and in breach of trust fails to transfer it, the beneficiary can maintain an action at law against him.' Restatement (Second) of Trusts, § 198 (1959)."
Id. After determining that neither exception applied to the facts of that case, we said:
 "As seen by the historical background, the court of equity embraced the full jurisdiction of trusts, save for the two exceptions referred to above. . . .
 "We recognize that the application of pure logic presents a persuasive argument for including a third exception: a claim for money damages only, based on an alleged breach of fiduciary duty. We are persuaded, however, to adhere to precedent and leave all matters pertaining to trusts, other than the two recognized exceptions, within equity's exclusive jurisdiction.
 "Because remedies of money damages based on a claim for breach of trust were not cognizable at law, we are constrained to reverse the judgment . . . and to remand this cause for further consideration by the trial court."
Id. As we later observed in an analogous context:
 " 'The basically equitable nature of an action . . . for an accounting is not changed by the inclusion of a claim for damages. Such a claim only restates the basic equitable action, and in no way creates a right to trial by jury. Indeed it would make no sense that the claim for damages could change an equitable action into one at law. Damages can only be determined after an accounting of whether or not money is owed to or from [the defendant]. . . .' Bonnell v. Commonwealth *Page 15 Realty Trust, 363 F. Supp. 1392, 1393 (E.D.Pa. 1973)."
Sanders v. Kirkland Co., 510 So.2d 138, 141 (Ala. 1987).
As the authorities cited above make clear, the petitioners, as a matter of law, are not entitled to a jury trial on the issues raised in their counterclaim. The case of Ex ParteDavis, 465 So.2d 392 (Ala. 1985), the sole authority cited by the petitioners to support their claim of a right to a jury trial on the counterclaim, does not compel a contrary result.
"The constitutional guaranty of trial by jury does not extend to causes of action 'unknown to the common law' or 'equitable in nature.' " (Citations omitted.) Sanders v. Kirkland Co., supra, at 139. Therefore, the trial court did not err in determining that the petitioners are not entitled to a trial by jury.
WRIT DENIED.
HORNSBY, C.J., and MADDOX, ALMON, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.
[1] Under the terms of the trust agreement, Leroy M. Wilson and Olivia W. Holt were named co-trustees. Olivia W. Holt, Catherine H. Quate, and Glenda H. Walker were named income beneficiaries.