I dissent. The only issue raised by this petition for the writ of mandamus is whether the trial court erred as a matter of law in denying SouthTrust's motion to strike a demand for a jury trial.
The co-trustee and beneficiary of the Paul M. Penney testamentary trust, Hal G. Land, Jr., sued SouthTrust, seeking the benefits of a testamentary trust. The trust instrument provided that SouthTrust was to pay all income produced by the trust to the beneficiary, Ethel L. Penney, "in not less frequent than quarter annual installments, the entire net income from such Trust Share so long as she, the said Ethel L. Penney shall live." SouthTrust did not pay all the income to the beneficiary (now Hal G. Land). The funds in dispute represent the income of the Paul M. Penney testamentary trust for the years 1987-92.
The bank contends that this action is one based on a breach of a fiduciary duty concerning the administration of a trust and that it is exclusively equitable in nature. However, as the majority points out, in First Alabama Bank of Huntsville, N.A.v. Spragins, 475 So.2d 512 (Ala. 1985), this Court recognized the exceptions in Restatement (Second) of Trusts § 198 (1959). Section 198 expressly excepts certain cases from exclusive equitable jurisdiction and thus entitles beneficiaries to a jury trial in those cases in which the trustee is under a duty to pay money immediately and unconditionally to the beneficiary. Section 198(1) provides: "If the trustee is under a duty to pay money immediately and unconditionally to the beneficiary the beneficiary can maintain an action at law against the trustee to enforce payment."
The trust instrument here requires the bank as trustee to pay all income to the beneficiary unconditionally and not less frequently than quarterly. The circumstances of this case fall squarely within the recognized exception embraced in § 198(1) of Restatement (Second) of Trusts.
In Spragins this Court noted that the "at law" exception was applied in Ex parte Davis, 465 So.2d 392 (Ala. 1985). In Exparte Davis, this Court said that plaintiffs are entitled to a jury trial on counts that are common law counts for legal remedies. 465 So.2d at 394. In that case the plaintiffs' complaint contained counts in assumpsit and conversion, upon which they would be entitled to a trial by jury under Ala. Const. 1901, Art. 1, § 11. The judge struck the plaintiffs' demand for a jury trial. This Court held that there was no right to a jury trial on the issue of the existence or nonexistence of a trust, but that the counts in assumpsit and conversion, seeking legal remedies, should be submitted to a jury. Ex parte Davis follows the logic adopted by the Alabama Rules of Civil Procedure, effective July 3, 1973, which provide for notice pleading and abolish the harsh technicalities of the old forms of pleading. "The new rules are to be construed liberally to effect the purpose of the rules, and, under the rule of liberal construction, every reasonable intendment and presumption must be made in favor of the pleader. B M Homes,Inc. v. Hogan, 376 So.2d 667 (Ala. 1979)." Johnson v. City ofMobile, 475 So.2d 517, 518-19 (Ala. 1985). "Any legal issue for which a jury trial is timely and properly demanded should be submitted to the jury. Finance, Investment Rediscount Co. v.Wells, 409 So.2d 1341 (Ala. 1981); Crommelin v. Fain,403 So.2d 177 (Ala. 1981); Rules 38 and 39, Alabama Rules of Civil Procedure. See also, Dairy Queen, Inc. v. Wood, 369 U.S. 469,82 S.Ct. 894, 8 L.Ed.2d 44 (1962); Beacon Theatres v. Westover,359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959)." Ex parte Davis, supra, at 394.
The Seventh Circuit Court of Appeals addressed the question whether a claim arising out of a trustee's administration of a trust was properly tried to a jury, in Jefferson National Bankv. Central National Bank, 700 F.2d 1143, 1148 (7th Cir. 1983). In that case the United States district court had granted a request for a jury demand in an action based on a breach of fiduciary duty that had occurred during the life of the beneficiary. The Court of Appeals upheld the trial court's decision on the grounds that, because the money was due immediately and unconditionally, an action at law was appropriate. The Seventh Circuit, while noting that actions involving the administration of trusts have been almost exclusively within *Page 651 
the jurisdiction of equity, recognized the exceptions to that general rule set forth in Restatement (Second) of Trusts § 198 (1959). The Court quoted the district court's memorandum opinion denying the defendant bank's motion to strike the plaintiff's jury demand:
 "However, once the beneficiaries have a vested right to payment or when the trustee is obligated under the terms of the trust to make a distribution to the beneficiaries, then the beneficiaries are entitled to immediate payment and may maintain an action at law against the trustee. In close cases where there is doubt, it is the court's reading of the teachings in Dairy Queen, Inc. [v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962)], . . . and other cases that the court should favor the granting of a jury trial to insure constitutional rights."
700 F.2d at 1150. The district court cited Dixon v.Northwestern National Bank, 297 F. Supp. 485 (D.Minn. 1969). In the case before us, the monies were due to be paid out "in not less frequent than quarter annual installments"; the time for payment has long since expired. Thus, the beneficiary's right to the monies has vested.
In this case it is apparent from Land's allegations that under this trust the trustee is under a duty to pay to the beneficiary income earned by this trust, immediately and unconditionally. That is what the trust instrument requires. The trust instrument is clear, and nothing requires a construction of the trust instrument. The majority opinion, while admitting that this Court in Spragins recognized the two exceptions of the Restatement, rejects the contention that the circumstances of this case place it clearly within the first exception, stating that Spragins did not adopt a third exception for "a claim for money damages only, based on an alleged breach of fiduciary duty." 475 So.2d at 514. I believe the facts of this case place it squarely within the first exception recognized in Spragins.
The majority states that it realizes that the plaintiff has alleged negligence on the part of the bank in the handling of its fiduciary duty. The plaintiff may well be able to prove that allegation. That should not defeat his right to a jury trial.
For the reasons stated above, I would hold that the trial court properly refused to strike the plaintiff's jury demand. At the very least, a trial judge has the discretion to permit a jury to hear a case, even if it is with the intention of treating the jury's verdict as advisory. See First Alabama Bankv. Spragins, supra. The petition for the writ of mandamus is due to be denied.
ALMON, J., concurs.