ALMON, Justice.
Freda P. Roberts, the revenue commissioner of Mobile County; the State of Alabama; and the Mobile County Board of Equalization petition for a writ of mandamus directing the Mobile Circuit Court to set *45 aside its order denying their request for a jury trial in certain cases pending in the circuit court. Those underlying actions are appeals from rulings of the Board of Equalization of Mobile County revoking the “current use” valuation of the taxpayer/respondents’ land for the tax year 1990-91. The Court of Civil Appeals had earlier reversed a summary judgment for the taxpayers, holding that the doctrines of res judicata and collateral estoppel did not preclude Roberts and the other taxing authorities (all herein referred to as “Roberts”) from reconsidering the earlier allowance of current use valuation of the property and holding that fact questions were presented as to whether the use of the property had changed. State v. Delaney’s, Inc., 668 So.2d 768 (Ala.Civ.App.1995). See § 40-7-25.1, Ala.Code 1975, regarding current use valuation.
On remand from the Court of Civil Appeals, Roberts renewed her demand for a jury trial. Section 40-3-25, Ala.Code 1975, provides, in pertinent part:
“All appeals from the rulings of the board of equalization fixing value of property shall be taken within 30 days after the final decision of said board fixing the assessed valuation as provided in this chapter. The taxpayer shall file notice of said appeal with the secretary of the board of equalization and with [the] clerk of the circuit court ..., and the taxpayer or the state shall have the right to demand a trial by jury by filing a written demand therefor within 10 days after the appeal is taken.”
(Emphasis added.)
The taxpayers, Delaney’s, Inc., and Spring-dale Stores, Inc., appealed from the board of equalization to the circuit court on August 22, 1991.[1] On August 29, 1991, Roberts filed her answer and demanded a trial by jury. On December 4, 1991, the circuit court granted the taxpayers’ motion to strike Roberts’s jury demand. The circuit court later entered a summary judgment for the taxpayers. After the Court of CM Appeals reversed that judgment and remanded the cause, Roberts filed a motion to reconsider the striking of her jury demand. On December 8, 1995, the circuit court denied that motion. Hence, this petition for the writ of mandamus.[2]
Section 40-3-25 appears on its face to give the state the right to the jury trial that Roberts seeks. The taxpayers argue that § 40-3-25 does not grant a jury trial right in this case because that statute pertains only to “rulings of the board of equalization fixing value of property,” whereas, they say, they do not contest the value placed on the property when it was assessed on the basis of fair market value, but only the decision of the board to revoke the current use valuation of the property. This is a distinction without a difference. The difference between the “current use value” and the “fair market value” is the point of the taxpayers’ appeals to the circuit court. The taxpayers appealed pursuant to § 40-3-25, and the state is entitled to a jury trial pursuant to that statute.
The taxpayers also argue that only a question of law is presented, i.e., whether the property was due to continue under current use valuation under § 40-7-25.1. This, they say, is a matter of statutory construction to be ruled upon by a court as a matter of law, not a matter of fact to be decided by a factfinder. The Court of Civil Appeals held otherwise in holding that a fact question exists as to whether the taxpayers are using the property in a manner contemplated by the current use statutes, and we will not disturb that holding in this mandamus proceeding.
Finally, the taxpayers argue that § 40-7-25.2(d) grants a right of appeal from a denial of current use valuation only to a “person aggrieved,” i.e., a taxpayer, and so does not provide for the state’s right to a jury trial that might otherwise be provided by § 40-3-25. Section 40-7-25.2(d) provides:
“Any person aggrieved by the denial of any application for the qualification of eligible taxable property for assessment *46 based on its current use value shall have the same rights and remedies for appeal and relief as are provided by law for taxpayers claiming to be aggrieved by the actions of tax assessors or boards of equalization.”
(Emphasis added.) The taxpayers invoked their right of appeal pursuant to § 40-3-25. By doing so, they invoked the provisions of that section, including the one that gives the state the right to demand a trial by jury.
The circuit court erred in striking Roberts’s demand for trial by jury. When a party “show[s] that he has a clear legal right to a trial by jury and a violation of that right by the trial court,” mandamus will lie to compel the trial court to grant a trial by jury. Ex parte Holt, 599 So.2d 12, 13 (Ala.1992); Ex parte SouthTrust Bank of Alabama, N.A, 679 So.2d 645(Ala.l996); Ex parte Adams, 669 So.2d 128 (Ala.1995); Ex parte Reynolds, 447 So.2d 701 (Ala.1984); Ex parte Rush 419 So.2d 1388 (Ala.1982).
WRIT GRANTED.
HOUSTON, INGRAM, and BUTTS, JJ., concur.
HOOPER, C.J., concurs in the result.

. Or, according to the case action summary sheets, on August 19. Either way, the jury demand was timely.

. On February 20, 1996, the Court of Civil Appeals denied a similar mandamus petition, without opinion, docket 2950449. See Rule 21(e), Ala. R.App. P.