737 So.2d 452 (1999)
Ex parte Katrina S. JACKSON.
Re Southern United Fire Insurance Company and Katrina S. Jackson v. Robert Landrum.
1972004.
Supreme Court of Alabama.
April 23, 1999.
*453 Banks C. Ladd, Mobile, for petitioner.
Paul D. Brown, Mobile, for respondent Robert Landrum.
Barre C. Dumas of Dumas & McPhail, L.L.C., Mobile, for respondent Southern United Fire Insurance Company.
MADDOX, Justice.
This petition for a writ of mandamus raises the question whether the trial court properly granted the defendant's motion to strike the jury demand filed by the plaintiff Katrina S. Jackson. For the reasons discussed below, we hold that it was proper as to one of the two claims raised in Jackson's complaint but that it was not proper with regard to the other claim raised in her complaint.
Although the legal issues presented in this case are fairly simple, a brief recitation of what appear to be undisputed facts giving rise to the underlying action is necessary for a full understanding of those issues. Jackson was driving her automobile in Mobile County on August 18, 1996, when it was struck by an automobile being driven by Robert Landrum. Jackson's automobile was insured at the time under a policy issued by Southern United Fire Insurance Company ("Southern"), which paid Jackson benefits totalling $13,445 in compensation for damage to her car.
Southern filed a complaint against Landrum in both its name and, as subrogee, in Jackson's name, on July 17, 1997, alleging that Landrum had negligently caused the accident and demanding a judgment in the amount of $13,705. That amount included $250 as reimbursement of Jackson's deductible. Southern did not demand a jury trial, either in its complaint or in any separate motion.
On August 15, 1997, unaware that Southern had already filed a complaint against Landrum in her name, Jackson filed her own complaint against Landrum. Southern had not discussed its complaint with her before filing it, nor had it given Jackson notice of the action after it was instituted. Landrum subsequently moved for a dismissal of Jackson's complaint under § 6-5-440, Ala.Code 1975, the abatement statute. The trial court granted that motion.
Following the dismissal of her independent action, Jackson filed a complaint in intervention in the action that Southern had filed. In that complaint, she alleged that Landrum's behavior had been negligent and wanton and that it had resulted in "personal injuries, emotional distress, and mental anguish and [that she had] incurred medical expenses, lost wages, property damages and other financial loss." Jackson sought both compensatory and punitive damages, and she demanded a jury trial.
Landrum moved the court to strike Jackson's demand for a jury trial. The trial court granted that motion, and this petition for a writ of mandamus followed. Jackson asks this Court to direct the trial court to grant her demand for a jury trial.
A petition for a writ of mandamus is the appropriate method of challenging a trial court's denial of a demand for trial by jury. Ex parte Holt, 599 So.2d 12 (Ala. 1992). Mandamus is an extraordinary remedy, however, requiring a showing that there is: "(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991).
The key question we must resolve is whether Jackson had a clear legal right to a trial by jury on the claims raised in her complaint in intervention. Alabama Rule of Civil Procedure 38(b) provides:

*454 "Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than thirty (30) days after the service of the last pleading directed to such issue."
It is undisputed that the issues raised in Jackson's complaint in intervention are issues "triable of right by a jury." Therefore, the key to determining whether she had a clear legal right to trial by jury depends on whether her demand was timely.
There seems to be very little disagreement between the parties as to the substance of the law governing this petition. Landrum and Jackson cite three cases in their briefs, all three of which reflect the current state of the law. See Ex parte Reynolds, 447 So.2d 701 (Ala.1984), Washington v. Walton, 423 So.2d 176 (Ala.1982), and Hamon Leasing, Inc. v. Continental Cars, Inc., 358 So.2d 442 (Ala.1978). Each of those cases supports the proposition that Justice Lyons, in his treatise, summarizes as follows:
"An amended or supplemental pleading sets in motion the thirty-day time period for demanding a jury trial for new issues raised in that pleading. However, the service of an amendment does not breathe new life into a previously waived right to jury trial if the amendment deals with the same issues framed in the original pleadings as to which a waiver has occurred."
1 Champ Lyons, Jr., Alabama Rules of Civil Procedure § 38.6 (3d ed.1996).
The only real dispute between the parties, then, is whether Jackson's complaint in intervention raised any new issues as to which the law allows her a jury trial upon timely demand. If it did, then her demand for trial by jury, made with that complaint, would satisfy the requirement of Rule 38(b) that a demand for a jury trial on a particular issue be made within 30 days of the latest pleading on that issue. Landrum argues that Jackson's complaint in intervention raised only issues that had previously been raised in Southern's initial complaint and that she is therefore not entitled to a trial by jury on any of the counts in her complaint.
In Ex parte Twintech Industries, Inc., 558 So.2d 923, 925 (Ala.1990), this Court held that a "new issue," for purposes of determining whether a party may demand a jury trial, "is one of an entirely different character from those already raised, or one based on a set of facts different from those that support the original claims." In Twintech, this Court noted several cases in which an amendment or later pleading raised claims based in law, where earlier pleadings had raised only equitable issues. In those cases, this Court held that there was a sufficient difference between equitable claims and legal claims that a new 30-day period for demanding a jury trial began to run when the later pleadings were filed. Id.
In this case, both Southern's complaint and Jackson's complaint in intervention raised legal, as opposed to equitable, claims. As a result, we cannot rely simply on the authority of Twintech. The question remains, however, whether the legal claims raised in the two complaints are sufficiently distinct to warrant a holding that Jackson's right to demand a jury trial had not been waived.
Landrum argues that this case is similar to Washington v. Walton, 423 So.2d 176 (Ala.1982). In that case, the plaintiff's initial complaint alleged that the defendant doctor had negligently treated her arm. The plaintiff's first amended complaint essentially restated the same cause of action. Her second amended complaint asserted a breach-of-contract cause of action against the defendant, a claim that the doctor had failed to appropriately examine and treat her. This Court held that neither amended complaint raised a new issue and that the plaintiff was therefore not entitled to a jury trial, because, it held, she had previously *455 waived that right by failing to demand a jury trial within the 30-day limit.
One prong of the Twintech test provides that a claim is "new," for the purpose of determining whether it begins the running of a new 30-day period for demanding a jury trial, if it is "based on a set of facts different from those that support the original claims." 558 So.2d at 925. In this case, the claims raised in both complaints arise out of the same set of operative facts. They allege that Landrum either negligently or wantonly operated his automobile in such a way as to cause the accident of August 18, 1996. Because Jackson's claims depend on the same set of operative facts as Southern's claims, we conclude that, under the "fact" prong of the Twintech test, Jackson did not raise "new" issues in her complaint.
We turn now to the other prong of the Twintech test, which requires that we look to the substance of the claims in question to determine whether they are "of an entirely different character" from the ones previously raised. Southern's complaint alleged that Landrum had negligently caused the accident and that he was therefore liable to Southern and Jackson for damages. One of the two causes of action identified in Jackson's complaint in intervention was that Landrum's actions amounted to wantonness. Is an allegation that Landrum's behavior leading to the accident was wanton sufficiently different from an allegation that the same behavior was negligent that we can hold that they are "of an entirely different character"?
To the extent that the negligence cause of action and the wantonness cause of action are both creatures of tort law, of course, they are similar. However, they are nonetheless distinct causes of action. This Court, in Lynn Strickland Sales & Service, Inc. v. Aero-Lane Fabricators, Inc., 510 So.2d 142 (Ala.1987), addressed the distinction between negligence and wantonness. Although Lynn Strickland's definition of "wantonness" has recently been clarified, see Alfa Mutual Ins. Co. v. Roush, 723 So.2d 1250, 1256 (Ala.1998), the Lynn Strickland discussion of the relationship between negligence and wantonness remains the law:
"Wantonness is not merely a higher degree of culpability than negligence. Negligence and wantonness, plainly and simply, are qualitatively different tort concepts of actionable culpability....
". . . .
"`... Willful and wanton conduct should not be confused with negligence. It has been correctly stated that the two concepts are as "unmixable as oil and water."'"
510 So.2d at 145-46 (citations omitted). Accordingly, we hold that negligence and wantonness are of a character sufficiently different to require the conclusion that where an amended or later pleading raises an issue of wantonness, and earlier pleadings have raised only issues of negligence, as in this case, the later pleading raises a "new issue" that entitles the pleader to a trial by jury, upon demand, even though as to the earlier claims of negligence that right had been waived. Thus, as to the claim included in paragraph IV of Jackson's complaint in intervention, her claim that Landrum wantonly caused the accident, we hold that she was entitled to a jury trial.
We now turn to the claim included in paragraph III of Jackson's complaint in intervention, her claim that Landrum negligently caused the accident. She argues that this claim is distinct from Southern's negligence claim because her complaint seeks punitive damages, whereas Southern's complaint sought only compensatory damages. Further, Jackson argues that the Southern complaint sought only $250 in compensatory damages on behalf of Jackson, to compensate her for the deductible provided for in her insurance policy. In her complaint in intervention, Jackson points out, she seeks compensatory damages for her alleged "personal injuries, emotional distress, mental anguish, medical *456 expenses, and lost wages." The essential differences between the two complaints then, are that: (1) Jackson seeks compensatory damages in greater amounts than were prayed for in the Southern complaint, and (2) she seeks punitive damages, whereas Southern did not.
Does the failure of the Southern complaint to demand judgment for the relief to which Jackson believes she is entitled require the conclusion that these claims are of "an entirely different character"? After careful consideration, we conclude that it does not. A party is not limited to the relief demanded in the pleadings. Rule 54(c), Ala. R. Civ. P., states, in part, that "[e]xcept as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings." Thus, as our rules recognize, a demand for specific damages is not an essential characteristic of a pleading. Given that fact, given that the two claims arise from the same set of operative facts, and given that the two claims allege the same species of liability, namely negligence, we cannot conclude that they are "of ... entirely different character[s] ... or [are] based on ... set[s] of facts different from" each other. Twintech, 558 So.2d at 925. Therefore, we cannot hold that Jackson had a clear legal right to a trial by jury on her negligence claim.
We conclude that the petition for the writ of mandamus is due to be granted in part. Jackson had a clear legal right to a trial by jury on her wantonness claim; the trial court had a corresponding duty to grant her demand for a jury trial on that claim, and it did not do so. Accordingly, the circuit court is directed to vacate its order striking Jackson's jury-trial demand and is directed to grant Jackson's demand for a jury trial as to her wantonness claim, the claim she raised in paragraph IV of her complaint in intervention. As to Jackson's negligence claim, the claim she raised in paragraph III, we hold that the right to jury trial had been waived.
PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
HOOPER, C.J., and HOUSTON, LYONS, SEE, and BROWN, JJ., concur.
COOK and JOHNSTONE, JJ., concur in part and dissent in part.
COOK, Justice (concurring in part and dissenting in part).
I concur with the majority that Jackson has a right to trial by jury on her wantonness claim, but I disagree with the majority in its determination that Jackson does not have the right to a trial by jury on her negligence claim.
The undisputed facts are that Jackson was injured when her automobile was struck by a motor vehicle driven by a drunk driver, namely, Robert Landrum. Jackson collected $13,445 from her insurer, Southern United Fire Insurance Company ("Southern"). Without notifying Jackson, Southern, as Jackson's subrogee, sued Landrum for reimbursement for the $13,445, plus $250, which represented Jackson's deductible; it sued under only a negligence theory. Although Jackson was a named plaintiff on Southern's complaint, she was not notified of the action. Southern did not demand a jury trial. Subsequently, Jackson commenced her own action against Landrum, seeking compensation for personal injuries under negligence and wantonness theories, and seeking punitive damages under a wantonness theory. She demanded a jury trial.
The trial court abated her action, pursuant to Ala.Code 1975, § 6-5-440. Jackson then filed a complaint in intervention, including the same substantive claims she had made in her original complaint and demanding a jury trial. The trial court determined that she had waived her right to a jury trial and struck that demand; hence, Jackson filed this mandamus petition. *457 The majority denies the petition to the extent it seeks a writ requiring a jury trial of the negligence claim, but grants the petition as to the claim for a jury trial of the wantonness claim.
"This Court has held that the filing of an amendment that raises new legal issues invokes the 30-day period set out in Rule 38(b) [Ala. R. Civ. P.]." Ex parte Twintech Indus., Inc., 558 So.2d 923, 925 (Ala.1990) (emphasis in original). Therefore, confining the inquiry strictly to the argument presented by Jackson, the petitioner, one could state the inquiry as: "What is [a new] issue, and when is one issue different from another?" Rosen v. Dick, 639 F.2d 82, 94 (2d Cir.1980).
Rosen explained:
"[T]he term `issue' means something more than the evidence offered and the legal theories pursued, although these are pertinent factors. In Cataldo v. E.I. du Pont De Nemours & Co., 39 F.R.D. 305, 308 (S.D.N.Y.1966), the court asked whether `[d]espite the fact that the underlying evidentiary facts are arguably substantially similar, the ultimate issue for decision is different.' Furthermore, as explained by the Ninth Circuit, `the presentation of a new theory [of recovery] does not constitute the presentation of a new issue on which a jury trial should be granted.' A legal theory incorporates issues of law which do not concern the jury, whereas only factual questions raise the possibility of a jury trial. In addition, the word `issue' in Rule 38 must be read together with its other uses in the Federal Rules of Civil Procedure. For example, regarding summary judgment, Rule 56 asks whether there is any `genuine issue as to any material fact,' Fed.R.Civ.P. 56(c). This standard clearly refers to the disputed conclusions which can be drawn from the evidence uncovered during discovery. It does not refer to purely legal questions or to the evidence itself. Similarly, Rule 38 suggests that the jury trial right extends only to disputed factual conclusions. By extending the time period for demanding a jury trial until '10 days after the service of the last pleading directed to such issue,' Rule 38(b) thereby allows a party to wait for a responsive pleading which shows whether an issue of fact exists before making the jury demand."
639 F.2d at 94 (emphasis in original).
Rosen then presented two lines of cases that had found "new issues" raised in amended pleadings. Id. at 94-95. "New issues" found in one line of cases "involved only minor changes in the pleadings." Id. (emphasis added). Rosen cited the following cases and provided the parenthetical explanations: Walton v. Eaton Corp., 563 F.2d 66 (3d Cir.1977) (en banc) "(federal statutory claim for racial discrimination in employment amended to allege mental and emotional injury)," 639 F.2d at 94, and Jackson v. Airways Parking Co., 297 F.Supp. 1366, 1383-84 (N.D.Ga.1969) "(amendment added claim of willfulness in violating a statute already invoked in the action)." 639 F.2d at 94.
Under this line of cases, Jackson's wantonness claim would constitute a "new issue," as the majority so holds. The argument is equally compelling for including the negligence claim in the term "new issue." This is so, because of the different factual issues and problems of proof that will be presented by Southern and Jackson respectively. Southern seeks only reimbursement for proceeds it distributed to Jackson. Thus, the basis for Southern's claim is a property loss. Jackson, on the other hand, will seek to prove personal-injury damages that may exceed the policy limits.
Because of the different factual issues presented by Jackson's claim, I would hold that all of Jackson's claims are due to be tried by a jury. Therefore, I concur in the opinion to the extent it grants the petition to require a jury trial of the wantonness *458 claim, but I dissent to the extent it denies the petition as to the negligence claim.
JOHNSTONE, J., concurs.