This appeal presents three issues. Citing Hamon Leasing, Inc.v. Continental Cars, Inc., 358 So.2d 442 (Ala. 1978), Appellants state issue No. 1:
 "Did the Trial Court err in denying a motion to strike jury demand, stating the demand was timely made, when the jury demand was made two hundred and eleven (211) days after the original complaint containing an equitable and legal claim which was subsequently amended to include only the legal claim?"
Citing Code 1975, § 12-21-161, Appellants state issue No. 2:
 "Did the Trial Court err in allowing an attorney previously employed by the defendants to testify as to what information was or was not supplied to that attorney by the defendants in relation to a transaction that was the subject of the case at hand?"
Citing Mobile Light R.R. Co. v. Burch, 12 Ala. App. 421,68 So. 509 (1915), Appellants present the third issue thusly:
 "Did the Trial Court err in giving instructions solely related to the principles of agency law approximately twenty-three (23) hours after both defendants and plaintiffs had rested and after the Trial Court had given instructions to the jury in relation to principles of agency and independent contractor law?" *Page 1087 
The pertinent factual background giving rise to this appeal will be included in our discussion of the issues.
 The Jury Demand
The trial court's order, denying Defendants' motion to strike Plaintiffs' jury demand, recites:
 "[T]he plaintiff's form of action has been changed from one wherein plaintiff was not entitled to a jury trial to a form of action wherein plaintiff is entitled to a jury trial."
Our careful reading of Plaintiffs' original complaint, in which no jury trial was demanded, and their amended complaint, which included a jury demand, verifies the correctness of the trial court's legal conclusion. The original complaint, alleging fraud in the procurement, sought equitable relief by way of cancellation of a mortgage. The gravamen of Plaintiffs' statement of the claim is capsuled in paragraph 8 of their complaint:
 "That the mortgage to Ole South Building Supply Co. assigned to Fidelcor Mortgage Co. of Georgia was obtained by fraud, deceit, misrepresentations or other devices and should be set aside and cancelled by this Court."
Appellants contend, however, because Plaintiffs' original complaint sought compensatory and punitive damages, a legal claim was asserted, thereby invoking ARCP 38's 30-day jury demand rule. Thus, say the Appellants, Plaintiffs' jury demand, filed when they struck their earlier prayer for equitable relief and claimed damages based solely on a tort claim for fraud, and more than 30 days after the original complaint was filed, was untimely.
That the trial court correctly interpreted Plaintiffs' amended complaint as stating for the first time a legal claim is demonstrated by their amended paragraphs 7 and 8:
 "7. That the mortgage to Ole South Building Supply Co. assigned to Fidelcor Mortgage Co. of Georgia was obtained by deceit, misrepresentations or other devices.
 "8. That as a proximate consequence of defendants' fraud, misrepresentations and deceit the plaintiffs have been denied credit because of the existence of the mortgage obtained by defendants; that the plaintiffs have suffered mental distress and anguish because of the acts of defendants and have had their real property encumbered to the extent of a mortgage in the amount of $6,844.32."
In contradistinction to their original pleading, the gravamen of Plaintiffs' amended statement of the claim was for damages resulting from Defendants' alleged tortious procurement of a mortgage on Plaintiffs' property.
Hamon Leasing, Inc. v. Continental Cars, Inc., supra, is inapposite. There, Plaintiffs' amended claim merely restated, in slightly different language, the same issues raised in the original complaint. In other words, the plaintiff in HamonLeasing, being entitled to demand a jury trial upon its original pleading, could not abort the waiver provisions of Rule 38 by refiling the same claim with a jury demand after the 30-day period for such demand had expired. Here, if Plaintiffs had sought a jury trial as to the issues raised on their initial pleading on the ground that their prayer for relief included legal damages, their demand would have been properly denied, and this for the reason that the averments of their pleading failed to state a claim upon which relief by way of damages could be granted. Therefore, when their amendment eliminated the earlier claim for equitable relief only and substituted a claim for legal damages, they were entitled, upon demand, to a jury trial.
 Testimony of Defendants' Former Counsel
Plaintiffs, the Pilgrims, called as their witness Jimmy Carnes, a lawyer, who had represented Ole South doing title research on the Pilgrims' property relative to the mortgage transaction and the subject matter of the suit. Carnes was permitted to testify that Ole South did not furnish him a deed from which he could acquire the legal description of the property — the inference being that, consistent with the *Page 1088 
Pilgrims' own testimony, Ole South obtained information for the drafting of the mortgage without the Pilgrims' knowledge or consent. Ole South says that the admission of this evidence contravenes Code 1975, § 12-21-161:
 "No attorney or his clerk shall be competent or compelled to testify in any court in this state for or against the client as to any matter or thing, knowledge of which may have been acquired from the client, or as to advice or counsel to the client given by virtue of the relation as attorney or given by reason of anticipated employment as attorney unless called to testify by the client, but shall be competent to testify, for or against the client, as to any matter or thing the knowledge of which may have been acquired in any other manner."
What Ole South's argument overlooks is that Carnes's testimony that he had not obtained a deed from his client, Ole South, was admitted without objection.
Our examination of the record discloses that the only question to which Ole South registered an objection was: "How did you come upon a description of the property?" Rejecting Ole South's objection, grounded on "confidential relationship between an attorney and his client," the court stated:
 "Certainly we won't have the conversation or what was going on, but overruled at this stage."
An earlier question, to which Carnes had responded without objection, was then repeated: "Were you given a deed and a property description by Ole South in the Pilgrim transaction?" Again, without objection, Carnes answered: "No." He then continued:
 "It was obtained from the Tax Assessor's Office and I went to the Probate Judge's Office and ran the title from that."
Even if we take liberties with the record and address the propriety of the trial court's ruling with respect to the question objected to ("How did you come upon a description of the property?"), including Carnes's subsequent reply ("It was obtained from the Tax Assessor's Office"), we, nevertheless, find that this is not the type of evidence embraced within the prohibition of § 12-21-161. Carnes's testimony that he obtained the legal description for the Pilgrim transaction from the tax assessor's office, a statement of some act done by him, was in nowise violative of the statutory proscription relating to the incompetency of a lawyer to testify against his client. For a discussion of the lawyer-client privilege, see J. Russell McElroy's The Law of Evidence in Alabama, § 391.04 (2nd ed. 1959), updated by C. Gamble's McElroy's Alabama Evidence, § 391.04 (3d ed. 1977).
 Additional Jury Instructions
We agree with Ole South's assertion that Mobile Light R.R.Co. v. Burch, supra, stands for the proposition that "[a]n instruction which singles out or gives undue prominence to particular evidence or facts is erroneous." But that is not the issue here presented.
At the close of the evidence, the judge instructed the jury as to the principles of both agency and independent contractor law. The following day, during its deliberations, the jury requested additional instruction on the law of damages. Specifically, the inquiry was two-fold: First, the jury sought clarification as to its options, if any, to assess damages in different amounts as to the separate defendants; and secondly, it inquired as to whether damages could be assessed against Ole South should the jury return a verdict in favor of Eddie Hendrix (one of the persons who dealt directly with the Pilgrims throughout the mortgage transaction).
Ole South does not question the patient and painstaking manner in which the learned trial judge handled this entire matter, except in one particular — that the trial judge's additional instruction dealing with Ole South's potential vicarious liability included, in large measure, a recharge of the jury on the law of agency to the exclusion of the law of independent contractor. The trial judge, rejecting Ole South's request for a recharge of the jury on the law of *Page 1089 
independent contractor, stated that because "the jury did not ask for that, [your request] will be denied."
Ole South's argument on this issue is not without some degree of persuasion. To be sure, we agree that the trial judge's stated reason for denying the Ole South's request is not necessarily controlling. Certainly, the trial judge may not, in all circumstances, confine himself to the precise perimeters of the jury's inquiry and avoid prejudicial error in his denial of request for additional balancing instructions.
Without placing our stamp of approval on the reason stated for his denial, however, we hold that the action of the trial judge did not constitute an abuse of discretion under the posture of the record before us. Admittedly, the judge would have acted within the bounds of his discretionary prerogatives had he granted the request and repeated the instructions on the law of independent contractor.
Nevertheless, keeping in mind, of course, that initially the jury had been fully and accurately instructed as to both the law of agency and of independent contractor, we are persuaded that the trial court's additional instructions were not unduly weighted against Ole South. We believe that the following brief extract from the record of the trial judge's instructions, given in answer to the jury's inquiry on damages, demonstrates the balanced nature of the agency charge:
 "Now, again, I am going to be assuming some things that may or may not be true. Assuming that you are intending to give the Plaintiffs some compensation, the law in the State of Alabama requires that in order to hold a principal liable, you must find the agent liable.
 "Now, again, assuming — and whether it's true or not — this is strictly up to the Jury whether you determine that there was a principal-agent relationship between George Hendrix and Wayne Nechy and Ole South, with George Hendrix and Wayne Nechy being the agents and Ole South being the principal. Assuming that you determine that and are reasonably satisfied from the evidence that that is the case, then you would set an amount of damage, either nominal and punitive, or just nominal, against all three of them in the same amount. In other words, you cannot find the principal Ole South liable unless you first find the agents, George Hendrix and Wayne Nechy liable.
 "Now, you can find an agent liable without finding the principal liable. In other words, you could find George Hendrix — Eddie Hendrix and Wayne Nechy liable and responsible for damages and not find Ole South liable, but you cannot find Ole South liable without finding the agents, if they are agents, liable. And you would make one amount for nominal damages for all three and punitive damages, if you find them, for all three. They then would be jointly and severally — they would all be liable for the same amount."
A fair reading of these instructions, taken in the context of the whole of the court's oral charge, left the jury free to exercise its factfinding prerogative either for or against the respective parties on the agency issue. If it were determined that Hendrix was not acting as the agent of Ole South, even though the liability issue were resolved against Hendrix, it was clear from the court's instruction that the jury could not award damages against Ole South. Although the better practice may have been to grant Ole South's requested additional jury instructions, we decline to hold the trial court, in denying such request, abused its discretion.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur. *Page 1090