**James F. WOODWARD, Plaintiff,**

v.

**Michael DiPALERMO, et al., Defendants.**

**Civ. A. No. 82–3154.**

United States District Court, District of Columbia.

May 5, 1983.

Gary M. Sidell, Washington, D.C., for plaintiff.

Thomas G. Corcoran, Jr., Washington, D.C., for defendants.

## MEMORANDUM

FLANNERY, District Judge.

This action arose out of plaintiff's attempts as a union representative to organize the workers of Yellow Bus Lines, Inc. Plaintiff alleges that defendants conspired to have plaintiff falsely arrested in order to thwart his efforts.

This matter is now before the court on the motion of defendants Triggs and Westgate to amend their answer to add counterclaims against plaintiff Woodward and against Woodward's employer, Drivers, Chauffeurs and Helpers Local Union 639 ("Local 639"). Local 639 is not presently a party to this action, but Triggs and Westgate seek to add it as a counter-defendant. In addition, Yellow Bus Lines, Inc., the company of which Triggs and Westgate are officers, has moved to intervene as a defendant to assert several additional counterclaims against Woodward and Local 639.

Plaintiff opposes both the motion to amend and the motion to intervene.

A. *Motion of Triggs and Westgate to amend their answer*

1. *To add counterclaims*

Fed.Rule Civ.Pro. 13(a) requires that:

A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Triggs and Westgate filed their answer on January 13, 1983 and stated no counterclaims. They now seek to amend their answer to add counterclaims, alleging intentional infliction of emotional distress and abuse of process, stating that they fall within the exception in Rule 13(a) which allows the pleader not to state the counterclaim if "at the time the action was commenced the claim was the subject of another pending action." When this action was filed plaintiff was a defendant in a criminal proceeding in the District of Columbia Superior Court which arose out of what plaintiff here argues was his false arrest. Triggs and Westgate attempt to excuse their failure to plead their counterclaims in their original answer, pointing to the criminal prosecution of plaintiff as the other "pending action."

Triggs and Westgate misconstrue the meaning of "pending action." This exception to the requirement that compulsory counterclaims be pleaded is aimed at "reactive litigation," in which a defendant in one civil action turns around and sues plaintiff in another forum, basing his cause of action on the same incidents that led to the first suit. *See* 3 *Moore's Federal Practice* ¶ 13.14[2] at 13–332 (2d ed. 1980). In such a situation plaintiff has the option, but not obligation, to plead as counterclaims in the second suit the claims he originally brought elsewhere. In any event, the exception to Rule 13(a) does not encompass pending

*criminal* actions. Consequently, defendants should have pleaded their counterclaims in their original answer.

Under Fed.Rule Civ.Pro. 13(f), however, the court may in its discretion allow an amendment to add an omitted counterclaim when the omission was the result of "oversight, inadvertence, or excusable neglect, or when justice requires." Plaintiff argues vigorously that neither oversight, inadvertence nor neglect caused defendants to omit their counterclaims, because defendants knew of their claims when they filed their answer yet made the strategic decision not to allege them due to the pending criminal proceedings. Arguably the defendants' misunderstanding of the meaning of "pending action" in Rule 13(a) falls within the category of inadvertence or oversight, although typically that category would include counterclaims the defendant simply was unaware of. In any case, wide latitude is granted to the court by the final category, "when justice requires."

■ That final category is a ground for allowing amendment which is independent of the first three. *Smith Contracting Corp. v. Trojan Construction Co., Inc.,* 192 F.2d 234 (10th Cir.1951). It calls for the court to examine the acts and motives of defendants in delaying the pleading of their counterclaims, as well as any prejudice to plaintiff which might result if their amendment were allowed. If the amendment is proposed at a very late stage in the proceedings, or appears designed primarily to delay adjudication of plaintiff's claims, leave to amend may properly be denied. *See, e.g., Owens-Illinois, Inc. v. Lake Shore Land Co., Inc.,* 610 F.2d 1185, 1188 (3d Cir. 1979); *Mercantile TCNA v. Inland Marine Products,* 542 F.2d 1010, 1012–13 (8th Cir. 1976). If, on the other hand, defendants' delay does not appear ill-intentioned and will not unduly interfere with the progress of the case, the federal rules' preference for consolidation where possible of all claims growing out of the same event or series of events favors allowing the amendment. *See, e.g., Pic, Inc. v. Prescon Corp.,* 77 F.R.D. 678, 679 (D.Del.1977); *Frederick Fell Publishers, Inc. v. Lorayne,* 422 F.Supp. 808,

811 (S.D.N.Y.1976). As Professor Moore wrote, discussing Rule 13(f):

> [T]he courts should be very liberal in allowing amendments to include compulsory counterclaims, and even permissive counterclaims where no prejudice would result, where the pleader has not been guilty of inexcusable neglect, or has not by reprehensible conduct deprived himself of any claim to special consideration by the court.

3 *Moore's Federal Practice,* ¶ 13.33, at 13–846 (2d ed. 1980). Indeed, refusal by the district court to allow amendment to add a counterclaim, where plaintiff has failed to show substantial prejudice, may be an abuse of discretion. *Spartan Grain & Mill Co. v. Ayers,* 517 F.2d 214, 220–21 (5th Cir.1975).

■ In this case defendants filed their motion to amend in late March, only a few months after they first answered. No trial date has been set, and the parties are still engaged in initial discovery. The defendants' delay was not ill-intentioned, but based on a misreading of applicable rules. To be sure, the addition of their counterclaims further complicates this case, and will no doubt, as plaintiff argues, add to his expense in prosecuting, and now defending, in this action. But the same could be said of any counterclaim, and so that alone cannot constitute the substantial prejudice to plaintiff necessary to preclude amendment. Accordingly, the motion of defendants to amend their answer to add counterclaims shall be granted.

*2. To add Local 639 as counterdefendant*

Triggs and Westgate further seek to add as counterdefendant plaintiff's employer, Local 639. Fed.Rule Civ.Pro. 13(h) provides that:

> Persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20.

Rule 20 provides in turn that:

> All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the

alternative, any right to relief in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Plaintiff does not contest that defendants' claims against Local 639 grow out of the same events as those against plaintiff himself. Plaintiff asserts, however, that Local 639 may not be added because defendants assert only state law claims against it and that the Supreme Court in *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), held that no federal jurisdiction could exist as to pendent *parties,* but only pendent *claims.*

Plaintiff's reading of *Aldinger* is overly broad. In that case the Supreme Court held that municipalities against whom plaintiff brought only state law claims could not be appended as parties to an action under 42 U.S.C. § 1983 because Congress had impliedly excluded municipalities from the category of "persons" answerable under Section 1983. *Id.* at 17, 96 S.Ct. at 2421. However, the Court in *Aldinger* established no blanket prohibition against exercise of pendent party jurisdiction, but wrote:

> [T]he question of pendent-party jurisdiction is "subtle and complex," and [w]e believe that it would be as unwise as it would be unnecessary to lay down any sweeping pronouncement upon the existence or exercises of such jurisdiction.
>
> \*   \*   \*   \*   \*   \*
>
> Before it can be concluded that [pendent party] jurisdiction exists, a federal court must satisfy itself not only that Art. III permits it, but that Congress in the statutes conferring jurisdiction has not expressly or by implication negated its existence.

427 U.S. at 18, 96 S.Ct. at 2422.

█ Article III permits the exercise of pendent jurisdiction where the federal claim is substantial and the state claims sought to be appended arise out of the same facts and circumstances. *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Both predicates are satisfied here. Furthermore, unlike in *Aldinger,* Congress has not expressly or impliedly limited federal jurisdiction over the types of state law claims asserted by Triggs and Westgate. Accordingly, the motion to add Local 639 as counterdefendant shall be granted.

**B.** *Motion of Yellow Bus Lines to intervene*

█ On March 30, 1983 Yellow Bus Lines, Inc. filed a motion to intervene to assert counterclaims, in addition to those asserted by Triggs and Westgate, including malicious destruction of property and interference with contractual relations.[1] All three —Triggs, Westgate, and Yellow—allege abuse of process by plaintiff. Plaintiff, puzzled by defendants' mistaken pleadings, *see* n. 1, *supra,* filed no separate opposition to the motion to intervene but rested on his opposition to the motion to amend.

Fed.Rule Civ.Pro. 24(b) allows the court in its discretion to allow intervention "when an applicant's claim or defense and the main action have a question of law or fact in common." The rule further provides that:

> In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Yellow's claims are largely based on precisely the same incidents that are the basis for Triggs' and Westgate's claims for intentional infliction of emotional distress, namely, the violent incidents of property destruction and threats that allegedly occurred at the time plaintiff was attempting to organ-

---

**1.** Defendants' efforts to assert their counterclaims had a few false starts. On March 21, 1983 defendants, including Yellow Bus Lines, filed their first motion to amend to add counterclaims. Defendants then realized that Yel- low Bus Lines was not yet a party to the action, and so on March 25 filed a corrected motion to amend to assert their counterclaims. Yellow then filed on March 30 a motion to intervene to assert its counterclaims.

**626**

ize Yellow's workers. For the reasons discussed above, the court finds that plaintiff will not be unduly prejudiced and that judicial economy will be served by allowing Yellow to intervene.

An appropriate Order accompanies this Memorandum.