WISE, Presiding Judge.
 

 The appellant, Isaac Williams, was convicted of murder, a violation of § 13A-6-2(a)(1), Ala.Code 1975. The trial court sentenced him to serve a term of life in prison. Williams did not file any post-trial motions. This appeal followed.
 

 Williams argues that the trial court erred when it instructed the jury on the issue of self-defense. Specifically, he contends that the trial court’s instruction misstated the law regarding the right to stand one’s ground pursuant to § 13A-3-23(b), Ala.Code 1975.
 

 When it instructed the jury on self-defense, the trial court stated, in part:
 

 “The Defendant is not justified in using deadly physical force upon another person, and cannot prevail on the issue of self-defense if it reasonably appears or the Defendant knows that he can avoid the necessity of using such force with complete safety by retreating, except that the Defendant is not required to retreat if he is in his own dwelling or was not the original aggressor.”
 

 (R. 234.) After the trial court completed its oral charge, the following occurred:
 

 “THE COURT: Okay. Any exceptions from the Defense?
 

 “[DEFENSE COUNSEL]: ... I believe that the stand-your-ground provisions of the self-defense statute would apply. And the — my requested instruction Number 2, the final paragraph is what I believe the Court should instruct the jury on. ‘A person [who] is justified in using physical force[,] including deadly physical force [and] who is not engaged in any unlawful activity and is in a place where he or she has the right to be has no duty to retreat and has the right to stand his ground.’
 

 “I believe that would be the appropriate instruction to the jury in this case.
 

 “THE COURT: I will be glad to bring them back out here and read that.
 

 “[PROSECUTOR]: And, Judge, I thought that part was covered about the duty not to retreat.
 

 “THE COURT: I just got&wkey;
 

 
 *971
 
 “[DEFENSE COUNSEL]: You said ' it was a dwelling. I think you qualified it and said it was just in his dwelling.
 

 “THE COURT: Well, let me read it again.
 

 “[DEFENSE COUNSEL]: Okay.
 

 “THE COURT: I think there were three areas. Okay. ‘Defendant is not justified in using deadly physical force upon another person and cannot prevail on the issue of self-defense if it reasonably appears or the Defendant knows he can avoid the necessity of using such force with complete safety by retreating, except that the Defendant is not required to retreat if he is in his dwelling or was not the original aggressor.’
 

 “I, you know, don’t know — I could have said or he had to stand — he could stand his ground. But—
 

 “[DEFENSE COUNSEL]: I think if you just supplemented what you did say with the third paragraph of my requested Number 2, we would be satisfied with that.
 

 “[PROSECUTOR]: And, Judge, I would—
 

 “DEFENSE COUNSEL: Well—
 

 “[PROSECUTOR]: The State would contend that that has already been sufficiently covered in what you just stated to the jury.
 

 “THE COURT: Gosh. I thought I really covered self-defense pretty well. I mean, I could sit here and read about self-defense a lot, a long time.
 

 “But I am going to — I’m going to deny your motion.
 

 “[DEFENSE COUNSEL]: All right.
 

 “THE COURT: I think all I would be doing is bringing them out here and highlighting a certain area of my charge, which I don’t think is appropriate.
 

 “[DEFENSE COUNSEL]: Okay. Just note my exception for the record.”
 

 (R. 247-49.)
 

 Section 13A-3-23(b), Ala.Code 1975, as amended effective June 1, 2006,
 
 [1]
 
 provides:
 

 “A person who is justified under subsection (a) in using physical force, including deadly physical force, and who is not engaged in an unlawful activity and is in any place where he or she has the right to be has no duty to retreat and has the right to stand his or her ground.”
 

 The trial court’s self-defense instruction did not substantially cover the language set forth in the amended version of § 13A-3-23(b), Ala.Code 1975. Rather, the instruction was similar to the language regarding the duty to retreat as set forth in the pre-amendment version of § 13A-3-23(b), Ala.Code 1975, which provided, in pertinent part:
 

 “(b) ... [A] person is not justified in using deadly physical force upon another person if it reasonably appears or he knows that he can avoid the necessity of using such force with complete safety:
 

 “(1) By retreating, except that the actor is not required to retreat:
 

 “a. If he is in his dwelling or at his place of work and was not the original aggressor....”
 

 Therefore, the instruction was an incorrect statement of law, and the trial court erred when it refused to reinstruct the jury regarding the right to stand one’s ground pursuant to the current version of § 13A-3-23(b), Ala.Code 1975.
 
 Cf. Jackson v. State,
 
 993 So.2d 45 (Ala.Crim.App.2007)
 
 *972
 
 (holding that the trial court’s incorrect statement of the law regarding the duty to retreat pursuant to the pre-amendment version of § 13A-3-23 (b), Ala.Code 1975, and its failure to instruct the jury regarding the “free from fault” doctrine constituted reversible error). Accordingly, we reverse the trial court’s judgment and remand this case for proceedings that are consistent with this opinion.
 
 [2]
 

 REVERSED AND REMANDED.
 

 WELCH, WINDOM, KELLUM, and MAIN, JJ., concur.
 

 [1]
 

 . The offense in this case was committed on February 1, 2008.
 

 [2]
 

 . Because of our disposition of this case, we pretermit discussion of the remaining claims Williams raises in his brief to this court.