WINDOM, Judge.
Niquita Blake appeals her conviction for attempted murder, see § 13A-4-2 and § 13A-6-2, Ala.Code 1975, and her resulting sentence of 20 years in prison. The circuit court split Blake’s 20-year sentence and ordered her to serve 4 years in prison followed by 5 years on probation.
The evidence presented at trial established that on March 23, 2008, shortly after a group of children had participated in an Easter egg hunt, Blake and Sharkea Williams got into an argument about how their children had been interacting with one another. During the argument, Blake pulled a pistol from her pocket and shot Williams in the stomach.
*1108 The State presented evidence indicating that during the argument, Williams had a knife but did not brandish the knife or attack Blake before being shot. The State also presented evidence indicating that, even if Williams had brandished a knife, Blake could have safely retreated from the argument.
Blake, on the other hand, presented evidence indicating that Williams was the first aggressor. Blake’s evidence also indicated that during the argument, Williams threw beer on Blake, hit Blake with a beer can, and then pulled a knife and attempted to slash Blake’s neck. According to Blake and other witnesses that testified on her behalf, after Williams missed Blake’s neck with the blade of the knife, Blake pulled a pistol from her pocket and shot Williams in the stomach.
After both sides had rested their cases, the circuit court held a jury-charge conference. During the jury-charge conference, Blake objected to the State’s proposed jury instruction that stated that a person cannot rely on self-defense unless “there [was] no convenient mode of escape by retreat or declining to combat.” (R. 295.) Specifically, Blake argued that pursuant to § 13A-3-23(b), Ala.Code 1975, a person does not have a duty to retreat and may stand her ground so long as that person is not engaged in an illegal activity and is in a place where she has a right to be located.
In response, the prosecutor argued that § 13A-3-23(b), Ala.Code 1975, was not amended to allow a person to stand one’s ground until 2009. The prosecutor further argued that because the altercation from which the charge arose occurred in 2008, the pre-amendment version of the self-defense statute applied. The pre-amendment version of § 13A-3-23(b), Ala.Code 1975, provided that “a person is not justified in using deadly physical force upon another person if it reasonably appears or he knows that he can avoid the necessity of using such force with complete safety [b]y retreating....”
The circuit court agreed with the prosecutor and overruled Blake’s objection. Later, during its self-defense jury charge, the circuit court instructed the jury that a “defendant is not justified in using deadly physical force upon another person and cannot prevail on the issue of self-defense if it reasonably appears or the defendant knows that she can avoid the necessity of using such force with complete safety by retreating.” (R. 325.)
On appeal, Blake argues and the State concedes that Blake’s conviction must be reversed because the circuit court’s self-defense jury instruction was erroneous. According to both Blake and the State, § 13A-3-23(b), Ala.Code 1975, was amended in 2006, before the altercation between Blake and Williams occurred, and that the 2006 amendment removed the duty-to-retreat element of self-defense and allows an individual to stand one’s ground. Thus, the parties agree that the circuit court erroneously instructed the jury that a person claiming self-defense “is not justified in using deadly physical force upon another person and cannot prevail on the issue of self-defense if it reasonably appears or the defendant knows that she can avoid the necessity of using such force with complete safety by retreating.” This Court agrees.
In Williams v. State, 46 So.3d 970, 971 (Ala.Crim.App.2010), this Court recognized that the amendment to § 13A-3-23(b), Ala.Code 1975, which removed from the defense of self-defense the duty to retreat and which allows an individual to stand one’s ground, became effective June 1, 2006. Specifically, the 2006 amendment to § 13A-3-23(b), Ala.Code 1975, provides:
*1109 “ ‘A person who [otherwise satisfies the criteria of self-defense] in using physical force, including deadly physical force, and who is not engaged in an unlawful activity and is in any place where he or she has the right to be has no duty to retreat and has the right to stand his or her ground.’ ”
Williams, 46 So.3d at 971 (quoting § 13A-3-23(b), Ala.Code 1975, as amended). Because § 13A-3-23(b) was amended before the incident that formed the basis of Blake’s prosecution, the amendment applied in this case. See Minnifield v. State, 941 So.2d 1000, 1001 (Ala.Crim.App.2005) (“It is well settled that the law in effect at the time of the commission of the offense controls the prosecution.”).
Further, the circuit court’s instruction that a “defendant is not justified in using deadly physical force upon another person and cannot prevail on the issue of self-defense if it reasonably appears or the defendant knows that she can avoid the necessity of using such force with complete safety by retreating,” (R. 325) “did not substantially cover the language set forth in the amended version of § 13A-3-23(b), Ala.Code 1975.” Williams, 46 So.3d at 971. Instead, the circuit court erroneously instructed the jury “regarding the duty to retreat as set forth in the pre-amendment version of § 13A-3-23(b), Ala.Code 1975,” Williams, 46 So.3d at 971.
Consequently, the circuit court’s jury instruction regarding the duty to retreat was an incorrect statement of the law and should not have been given. See Williams, 46 So.3d at 971 (citing Jackson v. State, 993 So.2d 45, 47-48 (Ala.Crim.App.2007)). Rather, the circuit court should have instructed the jury in accordance with § 13A-3-23(b), Ala.Code 1975, as amended. Further, the circuit court’s improper self-defense jury instruction was not harmless because the jury could have rejected Blake’s defense of self-defense based on the State’s evidence indicating that she could have retreated. See Jackson, 993 So.2d at 48 (holding that the circuit court’s failure to give a correct instruction on the right to stand one’s ground was not harmless because the jury could have rejected the defendant’s defense of self-defense based on the erroneous belief that the defendant had a duty to retreat); Williams, 46 So.3d at 971-72 (same). Therefore, this Court reverses the circuit court’s judgment and remands this cause for proceedings that are consistent with this opinion.
REVERSED AND REMANDED.
WISE, P.J., and WELCH, KELLUM, and MAIN, JJ., concur.