PITTMAN, Judge.
Arthur Lane Skinner appeals from a judgment entered on a jury verdict of $35,000 in favor of Raymond C. Bevans on Bevans’s assault-and-battery claim against him and from summary judgments in favor of Bevans as to seven counterclaims he asserted against Bevans. We affirm in part, reverse in part, and remand for a new trial.

Facts and Procedural History

Skinner and Bevans are neighbors in rural Butler County. Bevans’s property fronts on a public road; Skinner’s property is landlocked, but he has access to the public road via a right-of-way easement that runs through the property of another neighbor. Bevans’s fence line is near the easement. On September 18, 2007, Be-vans was on the right-of-way outside his fence spraying herbicide on weeds along the fence line when, according to Bevans, Skinner drove up, parked the pickup truck he had been driving, and stared at him. The parties differ about what happened next. According to Bevans, he turned his back on Skinner and was continuing his spraying when he heard Skinner say, “You m_f_, I owe you this.” Skinner then struck Bevans repeatedly with a metal-tipped rake handle, injuring Bevans’s head, ear, and arm. Skinner, on the other hand, claimed that Bevans walked to the pickup truck and, as the parties were exchanging words, sprayed him in the face with the herbicide, after which Skinner reached into the bed of his truck, retrieved the rake handle, and swung at Bevans to stop the spraying. There was a factual dispute at trial as to whether Skinner’s easement was 25 feet wide or only 15 feet wide and — if the easement was only 15 feet wide — whether Skinner was standing on the easement during the altercation and assault.
Skinner left the scene, and Bevans called the Butler County sheriffs department. He filed a criminal complaint *1150 against Skinner, and was taken to the hospital, where his ear was stitched. Skinner was arrested the following day pursuant to a warrant charging assault in the second degree, a Class C felony, see Ala. Code 1975, § 13A-6-21. On February 26, 2008, Skinner was indicted by a Butler County grand jury for the same offense.
On September 16, 2009, Bevans filed the instant civil action against Skinner, alleging assault and battery and demanding a jury trial. On October 14, 2009, Skinner, acting pro se, filed an answer that stated, in its entirety: “I am denying all allegations in your complaint.” On June 18, 2010, Skinner was acquitted of the criminal-assault charge. On August 12, 2010, Skinner, acting through counsel, filed a motion for leave to assert counterclaims that, he said, he had not been required to assert in his answer because the counterclaims were the subject of “another pending action,” see Rule 13(a), Ala. R. Civ. P.,[1] and had “matured or [been] acquired” after he had answered the complaint, see Rule 13(e), Ala. R. Civ. P.[2] The trial court granted Skinner leave to amend his answer to include the counterclaims.
On January 20, 2011, Skinner asserted seven counterclaims: trespass to land; assault and battery; false imprisonment; malicious prosecution; defamation; negligence; and “emotional distress.” Skinner did not demand a jury trial on the counterclaims. Bevans denied the material allegations of Skinner’s counterclaims and asserted various affirmative defenses. Be-vans did not demand a jury trial on the counterclaims, and Bevans later withdrew his own demand for a jury trial on the assault-and-battery claim set forth in his complaint. Skinner objected to the withdrawal of Bevans’s jury demand, and the trial court disallowed the withdrawal, pursuant to Rule 38(d), Ala. R. Civ. P.[3] Skinner argued that he was also entitled to a jury trial on his counterclaims, despite his having failed to demand one, because his counterclaims arose out of the same transaction or occurrence set forth in Bevans’s complaint, were not “new,” and, therefore, did not activate a new 30-day period for demanding a jury trial. The trial court rejected that argument and bifurcated the action, setting Bevans’s claim for a jury trial and the counterclaims for a bench trial.
After the jury rendered a verdict for Bevans on his assault-and-battery claim, Bevans moved for a summary judgment as to Skinner’s counterclaims. Skinner filed a Rule 59, Ala. R. Civ. P., motion for a new trial, arguing that the trial court had erred in instructing the jury on his duty to retreat, which duty, he said, had been abolished by § 13A-3-23(b), Ala.Code 1975. *1151 Skinner also filed a response in opposition to Bevans’s summary-judgment motion, and Bevans filed a response to Skinner’s Rule 59 motion. Following a hearing on both motions, the trial court denied Skinner’s motion for a new trial and granted Bevans’s motion for a summary judgment as to each of Skinner’s counterclaims.
Skinner appeals, raising three issues: whether the trial court erred (1) in charging the jury on the law of self-defense and the duty to retreat, (2) in entering a summary judgment in favor of Bevans on each of his counterclaims, and (3) in concluding that he had waived a jury trial on his counterclaims.

Standard of Review

Each of the issues Skinner raises presents a question of law for which our review is de novo. Espinoza v. Rudolph, 46 So.3d 403, 412 (Ala.2010). An appellate court reviews de novo the trial court’s interpretation of procedural rules, United States v. Elmes, 532 F.3d 1138, 1141 (11th Cir.2008), and statutes, Scott Bridge Co. v. Wright, 883 So.2d 1221, 1223 (Ala.2003). In addition, we review a summary judgment de novo, applying the same standard of review as the trial court applied. Turner v. Westhampton Court, L.L.C., 903 So.2d 82, 87 (Ala.2004).

The Jury Charge on Self-Defense

During a charge conference, the trial court stated that it intended to give the jury the following self-defense instruction requested by Bevans:
“In order to claim self-defense, ... Skinner must establish that he could not retreat or withdraw from the altercation in safety. If he could have retreated or withdrawn in safety then self-defense is not a defense [to] the claims of [Be-vans].”
Skinner objected, and the following occurred:
“MS. GIBSON [Skinner’s counsel]: He does not have to retreat.
“MR. HAMILTON [Bevans’s counsel]: And why not?
“MS. GIBSON: In self-defense, use of force that is reasonable and appears to be necessary for protection against a threatened battery. Skinner did not chase after Bevans. He may stand his ground and use any force short of that likely to cause serious injury. You do not have to retreat.
“MR. HAMILTON: I believe if [you] look in the criminal code it requires you retreat.
“MS. GIBSON: It does not.
“THE COURT: Well, I will go back and look and make sure.”
The trial court gave the charge requested by Bevans. At the conclusion of the court’s oral charge and before the jury retired to consider its verdict, Skinner’s counsel renewed her objection to the court’s charge on the duty to retreat.
In his motion for a new trial, Skinner argued, among other things, that a 2006 amendment to § 13A-2-23(b) had abolished any duty to retreat under the circumstances presented by this case. Citing Blake v. State, 61 So.3d 1107 (Ala.Crim.App.2010), and other decisions by the Court of Criminal Appeals, Skinner insisted that the trial court had erred in charging the jury on a duty to retreat. In Blake, supra, the Court of Criminal Appeals stated:
“[T]he amendment to § 13A-3-23(b), AIa.Code 1975, which removed from the defense of self-defense the duty to retreat and which allows an individual to stand one’s ground, became effective June 1, 2006. Specifically, the 2006 amendment to § 13A-3-23(b), Ala.Code 1975, provides:
*1152 “ ‘ “A person who [otherwise satisfies the criteria of self-defense] in using physical force, including deadly physical force, and who is not engaged in an unlawful activity and is in any place where he or she has the right to be has no duty to retreat and has the right to stand his or her ground.” ’ ”
61 So.3d at 1108-09 (quoting Williams v. State, 46 So.3d 970, 971 (Ala.Crim.App.2010)).
“[A] major change enacted by the new ‘stand your ground’ law involves incidents that occur outside of the home.... [A] century’s worth of case law and statutes became obsolete with the passage of the ‘stand your ground’ legislation. Where the Alabama Code had once expressly required a duty to retreat, it has now been eliminated by [§ 13A-3-23(b) ] ....
[[Image here]]
“Whereas, in Alabama, a person was required to retreat if reasonable from an attack anywhere outside the dwelling, now that person can ‘stand his or her ground’ anywhere they have a right to be.”
Jason W. Bobo, Following the Trend: Alabama Abandons the Duty to Retreat and Encourages Citizens to Stand Their Ground, 38 Cumb. L.Rev. 339, 362-63 (2008) (footnotes omitted).
Lest there be any doubt as to the applicability of the new stand-your-ground legislation to the defense of self-defense in civil actions, the legislature made it clear that the law establishes not only an affirmative defense, but also immunity from criminal prosecution and civil action. Section 13A-3-23(d), Ala.Code 1975, provides:
“A person who uses force, including deadly physical force, as justified and permitted in this section is immune from criminal prosecution and civil action for the use of such force, unless the force was determined to be unlawful.”
The Court of Criminal Appeals has held that a trial court’s failure to give a correct instruction on the right to stand one’s ground is not harmless because the jury could have rejected the defendant’s defense of self-defense based on the erroneous belief that the defendant had a duty to retreat. See Blake, 61 So.3d at 1109; Williams, 46 So.3d at 971-72; and Jackson v. State, 993 So.2d 45, 48 (Ala.Crim.App.2007).
We conclude that, if, at the time of the assault, Skinner was in a place where he had a right to be, then he was entitled to have the jury charged on the stand-your-ground provision of § 13A-3-23(b). The trial court erred in failing to instruct the jury that it must resolve the factual dispute as to where Skinner was when the assault took place — i.e., whether he was on his easement, a place where he had a right to be, or whether he was outside the easement and in a place where he did not have a right to be — in order to determine whether Skinner was entitled to stand his ground pursuant to § 13A-3-23(b). On retrial, the trial court should instruct the jury that it must first resolve the predicate question — whether Skinner was in a place he had a right to be when the assault took place — before determining the applicability of § 13A-3-23(b).

The Summary Judgments on Skinner’s Counterclaims

Initially we note that all but one of Skinner’s counterclaims were compulsory. That is so because all the counterclaims (a) arose out of the same transaction or occurrence set forth in Bevans’s complaint, see JJ’s Heating & Air Conditioning, Inc. v. Gobble-Fite Lumber Co., 572 So.2d 1243, 1244-45 (Ala.1990) (quoting Myers v. Clayco State Bank, 687 S.W.2d 256, 260-61 *1153 (Mo.Ct.App.1985), quoting in turn Cantrell v. City of Caruthersville, 859 Mo. 282, 221 S.W.2d 471 (1949)), (b) were logically related to the claim made the subject of Bevans’s complaint, see O’Donohue v. Citizens Bank, 350 So.2d 1049 (Ala.Civ.App.1977), and all but one, the malicious-prosecution counterclaim, (c) existed at the time of the service of Skinner’s answer, see 1 Champ Lyons, Jr., & Ally W. Howell, Alabama Rules of Civil Procedure Annotated § 18.1 (4th ed. 2004).
“A counterclaim which does not exist at the time of the service of an answer cannot be compulsory since the existence of a counterclaim is determined at the time of service of the answer. Therefore, the right to assert a counterclaim which accrues only after serving the pleading is not waived by its omission. A counterclaim maturing or acquired after pleading is a permissive counterclaim which may be presented as a supplemental pleading with the approval of the court.”
Id. at 358 (citations omitted).
Skinner’s argument that none of his counterclaims “matured or was acquired,” see Rule 13(e), Ala. R. Civ. P., until June 18, 2010, when he was acquitted of the criminal-assault charge, is simply incorrect. Only the malicious-prosecution claim falls in the category of a late-maturing counterclaim. That is true because the elements of a malicious-prosecution cause of action are: “(1) that [Bevans] instituted a prior judicial proceeding against [Skinner]; (2) that in instituting the prior proceeding [Bevans] acted without probable cause and with malice; (3) that the prior proceeding ended in favor of [Skinner ]; and (4) that [Skinner] was damaged as a result of the prior proceeding.” Wal-Mart Stores, Inc. v. Goodman, 789 So.2d 166, 174 (Ala.2000) (emphasis added). “A malicious-prosecution cause of action is the classic example of a claim that is ‘linked to a jural event’ — one in which all the acts giving rise to the claim have been completed but the claim is nonetheless delayed pending the outcome of another judicial proceeding.” SouthTrust Bank v. Jones, Morrison, Womack & Dearing, P.C., 939 So.2d 885, 897 (Ala.Civ.App.2005).
Likewise, Skinner’s argument that he need not have asserted the counterclaims in his initial answer because they were “the subject of another pending action,” see Rule 13(a), Ala. R. Civ. P., is also incorrect. “[T]he exception to Rule 13(a) does not encompass pending criminal- actions.” Woodward v. DiPalermo, 98 F.R.D. 621, 623-24 (D.D.C.1983); see also 20 Am.Jur.2d Counterclaim, Recoupment, and Set-off § 15 at 279 (2005).
We also note that none of Skinner’s counterclaims was barred by a statute of limitations. “Compulsory counterclaims are not defeated by general statutes of limitation,” 1 Lyons & Howell, supra § 13.11 at 373, and Skinner’s sole permissive counterclaim, the malicious-prosecution counterclaim, was filed on January 11, 2011 — within two years of the date it accrued or matured on June 18, 2010, see § 6-2-38(l).
The trial court’s entry of a summary judgment in favor of Bevans is due to be affirmed as to four of Skinner’s seven counterclaims — trespass, false imprisonment, malicious prosecution, and defamation — because Skinner, the party who had the burden of proof at trial, did not establish the elements of those torts. See Ex parte General Motors Corp., 769 So.2d 903, 909 (Ala.1999). Skinner’s three remaining counterclaims — assault and battery, negligence, and “emotional distress” — will necessarily be encompassed within the issues to be decided upon a new trial, as we discuss herein.
*1154 Trespass. Skinner alleged that Be-vans trespassed upon his right-of-way easement during the parties’ altercation on September 18, 2007. The trial court held that Skinner’s claim was without substantive merit, citing Williams v. Moore, 36 So.3d 533, 542 (Ala.Civ.App.2008) (holding that “ ‘ “the gist of any trespass action is the interference with a right to possession of property. Absent such right of possession, there can be no action based on trespass.” ’ ” (quoting Drummond Co. v. Walter Indus., Inc., 962 So.2d 753, 782 (Ala.2006), quoting in turn Avery v. Geneva Cnty., 567 So.2d 282, 289 (Ala.1990))), and Duke v. Pine Crest Homes, Inc., 358 So.2d 148, 150 (Ala.1978) (stating that the holder of an easement has a right to damages for an unreasonable interference with the use of an easement). At the trial of this case, Skinner acknowledged that Bevans had not interfered with his use of the easement.
Skinner argues that Duke is inapposite because it involved a dispute between the holder of an easement and the owner of the servient estate, whereas the present case deals with a dispute between the holder of an easement and an outsider or stranger. We acknowledge the existence of that factual distinction, but we discern no difference in the applicable law based on the identity of the one who has allegedly interfered with the use of the easement, and Skinner has cited no authority in support his argument.
“Rule 28(a)(10), Ala. R.App. P., requires that arguments in an appellant’s brief contain ‘citations to the cases, statutes, other authorities, and parts of the record relied on.’ Further, ‘it is well settled that a failure to comply with the requirements of Rule 28(a)(10) requiring citation of authority in support of the arguments presented provides this Court with a basis for disregarding those arguments.’ State Farm Mut. Auto. Ins. Co. v. Motley, 909 So.2d 806, 822 (Ala.2005) (citing Ex parte Showers, 812 So.2d 277, 281 (Ala.2001)). This is so, because ‘ “it is not the function of this Court to do a party’s legal research or to make and address legal arguments for a party based on undelineated general propositions not supported by sufficient authority or argument.” ’ Butler v. Town of Argo, 871 So.2d 1, 20 (Ala.2003) (quoting Dykes v. Lane Trucking, Inc., 652 So.2d 248, 251 (Ala.1994)).”
Jimmy Day Plumbing & Heating, Inc. v. Smith, 964 So.2d 1, 9 (Ala.2007). Because Skinner had no possessory right in the easement and failed to demonstrate that Bevans had interfered with his use of the easement, he failed to meet his burden of establishing the elements of his trespass claim.
False Imprisonment. Section 6-5-170, Ala.Code 1975, provides that “[f]alse imprisonment consists in the unlawful detention of the person of another for any length of time whereby he is deprived of his personal liberty.” A false-imprisonment claim accrues on the date of arrest, Jennings v. City of Huntsville, 677 So.2d 228, 230 (Ala.1996), not at some later time when, as Skinner apparently assumes, the arrestee is acquitted of the underlying criminal offense. Our supreme court has held that “[i]f an arrest is made pursuant to a warrant issued by a lawfully authorized person, neither the arrest nor the subsequent imprisonment is considered ‘false.’ ” Karrick v. Johnson, 659 So.2d 77, 79 (Ala.1995) (citing Goodwin v. Barry Miller Chevrolet, Inc., 543 So.2d 1171 (Ala.1989)).
The proposition stated in Karrick, supra, is even more true after the adoption of § 13A-3-23(e), a part of Alabama’s stand-your-ground law, which provides:
*1155 “A law enforcement agency may use standard procedures for investigating the use of force described in subsection (a), but the agency may not arrest the person for using force unless it determines that there is probable cause that the force used was unlawful.”
(Emphasis added.) Section 13A-3-23(e) is virtually identical to the corresponding provision of the Florida stand-your-ground law, § 776.032(2), Fla. Stat. Ann., which provides:
“A law enforcement agency may use standard procedures for investigating the use of force as described in subsection (1), but the agency may not arrest the person for using force unless it determines that there is probable cause that the force that was used was unlawful.”
A Florida commentator has explained that,
“[u]nder section 776.032(2) of the Florida statutes, the police are forbidden to arrest or detain a suspect unless they have evidence establishing probable cause that the force used was unlawful. Thus, although the law requires self-defense claims to be investigated, an individual claiming he or she acted in self-defense cannot even be arrested unless the police have evidence that the person’s actions do not fit within the requirements of the statute.”
Zachary L. Weaver, Florida’s “Stand Your Ground” Law: The Actual Effects and the Need for Clarification, 63 U. Miami L.Rev. 395, 409 (2008) (emphasis added; footnote omitted). Section 13A-3-23(e) has not been discussed in a reported Alabama decision, but, assuming that it is interpreted the same way as the corresponding Florida provision is interpreted, Skinner’s arrest can be assumed to have been the result of an investigation that determined there was probable cause to believe that Skinner used unlawful force. Accordingly, Skinner failed to meet his burden of establishing the elements of a false-imprisonment claim.
Malicious Prosecution: As previously discussed, in order to survive Be-vans’s summary-judgment motion as to the malicious-prosecution claim, Skinner was required to present substantial evidence indicating “that in instituting the prior proceeding [Bevans] acted without probable cause and with malice.” Wal-Mart Stores, Inc. v. Goodman, 789 So.2d at 174. In Whitlow v. Bruno’s, Inc., 567 So.2d 1235 (Ala.1990), our supreme court stated:
“It is almost platitudinous to restate the well-entrenched rule that in malicious prosecution cases the finding of an indictment by a grand jury, against a defendant in a prior judicial proceeding, constitutes prima facie evidence of the existence of probable cause. Lumpkin v. Cofield, 536 So.2d 62 (Ala.1988). As further noted in Lumpkin, however, ‘[s]uch a prima facie defense can be overcome by a showing that the indictment “was induced by fraud, subornation, suppression of testimony, or other like misconduct of the party seeking the indictment.” ’ Id. at 64 (citation omitted).”
567 So.2d at 1237-38. Skinner speculated, but presented no evidence indicating, that the grand-jury indictment “ ‘ “was induced by fraud, subornation, suppression of testimony, or other like misconduct of the party seeking the indictment,’’d ” Whitlow, 567 So.2d at 1238. Specifically, he stated, in opposition to the summary-judgment motion, that he “doubt[ed] very seriously [that Bevans’s grand-jury testimony] was an accurate account of the incident of September 18, 2007.” Accordingly, Skinner failed to meet his burden of establishing the elements of a malicious-prosecution claim.
*1156 Defamation. Skinner alleged that his reputation as “a man of peace” had been tarnished by the publication on the front page of the South Alabama News of an article concerning his arrest.
“‘The elements of a cause of action for defamation are: 1) a false and defamatory statement concerning the plaintiff; 2) an unprivileged communication of that statement to a third party; 3) fault amounting at least to negligence; and 4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication of the statement.’ ”
Drill Parts & Serv. Co. v. Joy Mfg. Co., 619 So.2d 1280, 1289 (Ala.1993) (quoting McCaig v. Talladega Publ’g Co., 544 So.2d 875, 877 (Ala.1989)). The trial court ultimately concluded that, because the evidence indicated that the article had been published no later than October 19, 2007, but Skinner’s counterclaim had not been filed until January 20, 2011, any possible defamation claim was barred by the statute of limitations set forth in § 6-2-38(k), Ala.Code 1975 (“All actions for libel or slander must be brought within two years.”).
Although the trial court erred in determining that the defamation claim was a time-barred permissive counterclaim, see Romar Dev. Co. v. Gulf View Mgmt. Corp., 644 So.2d 462 (Ala.1994); 1 Lyons & Howell, supra, § 13.11 at 373, we may
“affirm the trial court on any valid legal ground presented by the record, regardless of whether that ground was considered, or even if it was rejected, by the trial court. This rule fails in application only where due-process constraints require some notice at the trial level, which was omitted, of the basis that would otherwise support an affirmance, such as when a totally omitted affirmative defense might, if available for consideration, suffice to affirm a judgment, or where a summary-judgment movant has not asserted before the trial court a failure of the nonmovant’s evidence on an element of a claim or defense and therefore has not shifted the burden of producing substantial evidence in support of that element.”
Liberty Nat’l Life Ins. Co. v. University of Alabama Health Servs. Found., P.C., 881 So.2d 1013, 1020 (Ala.2003) (citations omitted).
In its judgment, the trial court noted that “there is no allegation whatsoever in the counterclaim that [Bevans] instigated the publication of said article, or that said article was ... not merely a listing of the arrests and charges.” Apparently, therefore, the court considered arguments that Skinner had failed to connect Bevans to the allegedly defamatory statements and had failed to establish that the statutory privilege for the impartial reporting of arrest reports, found in 13A-11-161, Ala. Code 1975,[4] was inapplicable.
*1157 Skinner did not attach the allegedly defamatory article to his counterclaim or submit the article as an exhibit to his motion opposing Bevans’s summary-judgment motion. He provided no information regarding the content of the article, nor did he allege either that Bevans had been instrumental in the publication of the article or that Bevans had been quoted in the article. Moreover, as the trial court’s judgment implies, Skinner failed to present any evidence indicating that the publication was not privileged. Accordingly, Skinner failed to meet his burden of establishing the elements of a defamation claim.

Jury Trial on Skinner’s Counterclaims

It is unnecessary to decide whether the trial court erred in concluding that Skinner had waived the right to a jury trial on his counterclaims alleging trespass, false imprisonment, malicious prosecution, and defamation. Because Skinner was unable to “‘produce sufficient evidence to prove each element of [those four counterclaims], [Bevans] is entitled to a summary judgment, [and] a trial would be useless.’ ” Ex parte General Motors Corp., 769 So.2d 903, 909 (Ala.1999) (quoting Berner v. Caldwell, 543 So.2d 686, 691 (Ala.1989) (Houston, J., concurring specially)). As to the remaining counterclaims— assault and battery, negligence, and “emotional distress” — we hold that, by failing to make a jury demand in his amended answer on January 20, 2011, Skinner did not waive his right to a jury trial on those claims.
It is true that “[a]n amended or supplemental pleading sets in motion the 30-day period for demanding a jury trial for new issues raised in that pleading.” 1 Lyons & Howell, supra, § 38.6 at 890. In Ex parte Twintech Industries, Inc., 558 So.2d 923 (Ala.1990), our supreme court explained “new issues” as follows:
“A review of the cases wherein this Court has found that an amendment or later pleading raised a ‘new issue’ indicates that a new issue is one of an entirely different character from those already raised, or one based on a set of facts different from those that support the original claims. In Ex parte Reynolds, [447 So.2d 701 (Ala.1984)], this Court held that the petitioner had raised new legal issues in his amendment and, therefore, that his right to a jury trial on those issues had not been waived. 447 So.2d at 703. In that case, Reynolds’s original complaint requested only equitable relief, whereas his amendment added a claim for fraud. Reynolds, at 702-03. Similarly, in Ex parte Town of Citronelle, 428 So.2d 600 (Ala.1983), this Court held that where the earlier pleadings had contemplated only equitable relief, a cross-claim for money damages raised a ‘new issue.’ 428 So.2d at 603. In Ole South Bldg. Supply Corp. v. Pilgrim, 425 So.2d 1086 (Ala.1983), the plaintiff substituted a claim for fraud for his original equitable claim and thus became entitled to a jury trial. 425 So.2d at 1087. Finally, in Mobley v. Moore, 350 So.2d 414 (Ala.1977), this Court held that the trial judge had not abused his discretion in granting a request for a jury trial when the tenor of the action was changed from one seeking equitable relief to one seeking damages. 350 So.2d [at] 416-17.”
558 So.2d at 925 (emphasis added). See also Ex parte Cheshire, 55 So.3d 1245 (Ala.Civ.App.2010) (holding that husband’s counterclaims raising legal issues and seeking damages presented issues of a different character than wife’s divorce action seeking equitable relief).
In the present case, Skinner’s counterclaims alleging assault and battery, negligence, and “emotional distress” presented neither issues of “an entirely different *1158 character” from those raised by Bevans nor issues that were “based on a set of facts different from those that support[ed]” Bevans’s assault-and-battery claim. See Twintech, 558 So.2d at 925.

Conclusion

The summary judgments in favor of Be-vans as to Skinner’s counterclaims alleging trespass, false imprisonment, malicious prosecution, and defamation are affirmed. The judgment entered on the jury verdict in favor of Bevans is reversed, and the cause is remanded for a new trial. On the retrial of Bevans’s complaint, Skinner will have the right to a jury trial on his counterclaims alleging assault and battery, negligence, and “emotional distress.”
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.

.Rule 13(a), Ala. R. Civ. P., provides, in pertinent part:
“Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party’s claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if: (1) at the time the action was commenced the claim was the subject of another pending action....”
(Emphasis added.)

. Rule 13(e), Ala. R. Civ. P., provides:
"A claim which either matured or was acquired by the pleader after serving a pleading may, with the permission of the court, be presented as a counterclaim by supplemental pleading.”

. Rule 38(d) states that "[a] demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties except where an opposing party is in default under Rule 55(a).”

. Section 13A-11-161, Ala.Code 1975, provides:
"The publication of a fair and impartial report of the return of any indictment, the issuance of any warrant, the arrest of any person for any cause or the filing of any affidavit, pleading or other document in any criminal or civil proceeding in any court, or of a fair and impartial report of the contents thereof, or of any charge of crime made to any judicial officer or body, or of any report of any grand jury, or of any investigation made by any legislative committee, or other public body or officer, shall be privileged, unless it be proved that the same was published with actual malice, or that the defendant has refused or neglected to publish in the same manner in which the publication complained of appeared, a reasonable explanation or contradiction thereof by the plaintiff, or that the publisher has refused upon the written request of the plaintiff to publish the subsequent determination of such suit, action or investigation.”